

**FILED**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

**AUG 1 0 2018** ⨏Ƙ



THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES OF AMERICA, and the )
STATES OF CALIFORNIA, COLORADO, )
CONNECTICUT, DELAWARE, FLORIDA, )
GEORGIA, HAWAII, ILLINOIS, INDIANA, )
IOWA, LOUISIANA, MARYLAND, )
MASSACHUSETTS, MICHIGAN, )
MINNESOTA, MONTANA, NEVADA, )
NEW HAMPSHIRE, NEW JERSEY, )
NEW MEXICO, NEW YORK, )
NORTH CAROLINA, OKLAHOMA, )
RHODE ISLAND, TENNESSEE, TEXAS, )
VERMONT, VIRGINIA, and WASHINGTON, )
*ex rel.* T.J. NOVAK, )
                        )

         Plaintiffs, )

         v. )

WALGREENS BOOTS ALLIANCE, INC., )
                         )

         Defendant. )

1:18-cv-05452
Judge Ruben Castillo
Magistrate Judge Sheila M. Finnegan

Case No.:
FILED UNDER SEAL
JURY TRIAL DEMANDED

## COMPLAINT

### I.    NATURE OF THE ACTION

1.    This is an action to recover damages and civil penalties on behalf of the United

States of America under the False Claims Act, 31 U.S.C. § 3729 *et seq.*, as amended, and on

behalf of the States of California, Colorado, Connecticut, Delaware, Florida, Georgia, Hawaii,

Illinois, Indiana, Iowa, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Montana,

Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Oklahoma,

Rhode Island, Tennessee, Texas, Vermont, Virginia, and Washington under their respective

False Claims Acts, as amended. (Hereinafter, the Federal and State False Claims Acts will be

referred to as the "False Claims Act." The United States and the States are hereinafter referred to as the Governments.")

2.    The False Claims Act causes of action under this Complaint arise from false claims knowingly presented by Defendant, and/or its agents, and employees, to all Federally funded or State funded prescription drug plans including, but not limited to the Medicaid program. Medicaid is a health insurance benefit program jointly funded by the Governments.

3.    Defendant Walgreens Boots Alliance, Inc., knowingly presented or caused to be presented false claims to Medicaid, or other government funded plans by dispensing controlled substances including but not limited to Opium extracts, Codeine, Hydrocodone, and Oxycodone which were not filled by Defendant in compliance with applicable state and/or federal laws and regulations, and for concealing or avoiding an obligation to return money to the Governments after learning that prescriptions billed to the Governments were fraudulent, fake, or forged.

## II.    PARTIES

4.    Relator T.J. Novak ("Mr. Novak" or "Relator") is and has been a registered pharmacist in Illinois since 1982. Mr. Novak is currently employed as a pharmacist with Defendant Walgreens Boots Alliance, Inc., commonly known as "Walgreens."

5.    Defendant Walgreens Boots Alliance, Inc., ("Walgreens") is according to Walgreens' website, the largest retail pharmacy across the U.S. and Europe. Walgreens headquarters is located at 108 Wilmot Road, Deerfield, Illinois.

## III.    JURISDICTION AND VENUE

6.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and 31 U.S.C. § 3732, which specifically confers jurisdiction on this Court for actions brought pursuant to 31 U.S.C. §§ 3729 and 3730.

2

7.     This Court has supplemental jurisdiction over the *qui tam* Relator's state law claims pursuant to 28 U.S.C. §1367, as those claims are so related to the federal claims that they form part of the same case and controversy under Article III of the United States Constitution. This Court also has jurisdiction over the state's claims pursuant to 31 U.S.C. §3732(b), as the state's claims arise from the same transactions and occurrences as the federal action.

8.     This Court has personal jurisdiction over Defendant pursuant to 31 U.S.C. §3732(a), which authorizes nationwide service of process. Defendant transacts business in the United States. Defendant can be found in, resides in, and/or transacts or has transacted business related to the allegations in this Complaint within the Northern District of Illinois.

9.     Venue is proper in this District pursuant to 31 U.S.C. § 3732(a), and 28 U.S.C. § 1391(b) and (c), as Defendant can be found in, resides in, and/or transacts business in the Northern District of Illinois.

10.     This suit is not based upon prior public disclosures of allegations or transactions in a Federal criminal, civil, or administrative hearing in which the Government is a party, in a congressional, Government Accountability Office, or other Federal report, hearing, audit, or investigation, or from the news media.

11.     To the extent that there has been a public disclosure unknown to Relator, Relator is an original source under 31 U.S.C. § 3730(e)(4)(B), and 740 ILCS 175/4(e)(4). Relator has, prior to a public disclosure voluntarily disclosed to the Government the information on which allegations or transactions of a claim are based or, has knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions, and has voluntarily provided the information to the Governments before filing this action under the False Claims Act.

12. Relator served on the Attorney General of the United States, the United States Attorney for the Northern District of Illinois, and the Attorney General of the Plaintiff States, substantially all material evidence and information he possesses in accordance with the provisions of 31 U.S.C. §3730(b)(2), and the related States claims.

## IV.   THE FEDERAL FALSE CLAIMS ACT

13. The False Claims Act, 31 U.S.C. §§ 3729 *et seq.* prohibits a person from presenting or causing to be presented a false or fraudulent claim for payment or approval to the United States Government. The False Claims Act provides that any person who violates the False Claims Act is liable for a civil penalty of up to $11,000 (as adjusted) for each claim, plus three times the amount of damages sustained by the United States. The False Claims Act empowers persons with information regarding false or fraudulent claims made to the United States, "relators," to bring an action on behalf of the United States and to share in any recovery.

14. The False Claims Act, 31 U.S.C. § 3729(a)(1)(A), provides in pertinent part that any person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval . . ." shall be liable to the United States Government.

15. The False Claims Act defines the term "claim" to mean "any request or demand, whether under a contract or otherwise, for money or property and whether or not the United States has title to the money or property. . .." 31 U.S.C. § 3729(b)(2)(A).

16. The False Claims Act defines the terms "knowing" and "knowingly" to mean that a person, with respect to information: (1) "has actual knowledge of the information"; (2) "acts in deliberate ignorance of the truth or falsity of the information"; or (3) "acts in reckless disregard of the truth or falsity of the information." 31 U.S.C. § 3729(b)(1)(A). The False Claims Act

further provides that "no proof of specific intent to defraud" is required. 31 U.S.C. § 3729(b)(1)(B).

17.     The Plaintiff States' false claims acts "knowing" definitions are substantially similar to the Federal False Claims Act's definition, including the "reckless disregard" and "no specific intent to defraud" provisions.

18.     Defendant Walgreens knowingly submitted false claims to the Governments by filling prescriptions for controlled substances without its pharmacists using sound professional judgment to determine the validity of the controlled substance prescription.

19.     Walgreens also violated the False Claims Act by knowingly concealing and avoiding its obligation to return money to the Governments after Walgreens identified overpayments related to prescriptions that were filled and billed to the Government which Walgreens learned were invalid because the prescriptions were fake, forged or in other ways improper and should have been voided.

20.     The Plaintiff States' False Claims Acts are substantially similar to the Federal False Claims Act.

## V.     THE MEDICAID PROGRAM

21.     Medicaid, Title XIX of the Social Security Act, 42 U.S.C. §§1396 *et seq.*, is a program that provides medical assistance for individuals and families with low incomes. The Medicaid program became law in 1965 and is jointly funded by the states and the federal government.

22.     Each Plaintiff State administers its own Medicaid program.

## VI. THE LAW REGARDING THE DISPENSING OF CONTROLLED SUBSTANCES.

23.     According to the United States Department of Justice, pharmacists must use sound professional judgment when filling prescriptions for controlled substances.

24.     The *Pharmacist's Manual - SECTION IX – VALID PRESCRIPTION REQUIREMENTS Corresponding Responsibility*, states:

"A pharmacist also needs to know there is a corresponding responsibility for the pharmacist who fills the prescription. An order purporting to be a prescription issued not in the usual course of professional treatment or in legitimate and authorized research is an invalid prescription within the meaning and intent of the CSA [Controlled Substance Act] (21 U.S.C. § 829). The person knowingly filling such a purported prescription, as well as the person issuing it, shall be subject to the penalties provided for violations of the provisions of law relating to controlled substances.

A pharmacist is required to exercise sound professional judgment when making a determination about the legitimacy of a controlled substance prescription. Such a determination is made before the prescription is dispensed. The law does not require a pharmacist to dispense a prescription of doubtful, questionable, or suspicious origin. To the contrary, the pharmacist who deliberately ignores a questionable prescription when there is reason to believe it was not issued for a legitimate medical purpose may be prosecuted along with the issuing practitioner, for knowingly and intentionally distributing controlled substances. Such action is a felony offense, which may result in the loss of one's business or professional license (see *United States v. Kershman*, 555 F.2d 198 [United States Court Of Appeals, Eighth Circuit, 1977])." (Emphasis added.) https://www.deadiversion.usdoj.gov/pubs/manuals/pharm2/pharm_content.htm#9

25.     While according to the *Pharmacist's Manual - Appendix D,* "The dispensing pharmacist must maintain a constant vigilance against forged or altered prescriptions. The CSA holds the pharmacist responsible for knowingly dispensing a prescription that was not issued in the usual course of professional treatment." *Pharmacist's Guide to Prescription Fraud,* https://www.deadiversion.usdoj.gov/pubs/manuals/pharm2/appendix/appdx_d.htm

26.     All Plaintiff States have either established or are in the process of establishing and participating in a prescription drug monitoring program. "A prescription monitoring program is a state-administered data collection system used to gather prescription information. [The] prescription drug monitoring program . . . has proven to be an effective tool for detecting pharmaceutical diversion and for developing pharmacist and physician medical education programs. These programs heighten awareness about diversion, prescription drug abuse, drug trends, and are useful for tracking prescription medication dispensed within a state. In some states, the data can be used by pharmacists to identify potential 'doctor shoppers' and those who attempt to obtain controlled substances by fraud, forgery, or deceit. In the states that have adopted these programs, a large part of their success has been attributed to the pharmacists' participation. The DEA strongly endorses prescription monitoring programs." *United States Department of Justice, Drug Enforcement Administration, Office of Diversion Control Pharmacist's Manual, An Informational Outline of the Controlled Substances Act, Revised 2010, page 39.*

https://www.deadiversion.usdoj.gov/pubs/manuals/pharm2/pharm_manual.pdf#search=pharmacy

27.     Prescription drug monitoring programs provide pharmacist and other authorized persons with information including the patient's last name, first name, street address, city, state, zip, date of birth, date filled, label name, strength, metric quantity/days supply, payment type,

pharmacy name/city, and prescriber name. By running a prescription drug monitoring report, a pharmacist can see this information and use it to determine "doctor shoppers," forged prescriptions and other indications of a prescription that should not be dispensed with the exercise of sound professional judgment.

28.     The *Pharmacist's Manual* goes on to state:

"Pharmacist's Responsibilities The abuse of prescription drugs—especially controlled substances—is a serious social and health problem in the United States today. As a healthcare professional, pharmacists share responsibility for preventing prescription drug abuse and diversion.

• Pharmacists have a personal responsibility to protect their practice from becoming an easy target for drug diversion. They need to know of the potential situations where drug diversion can occur, and establish safeguards to prevent drug diversion.

• The dispensing pharmacist must maintain a constant vigilance against forged or altered prescriptions. The CSA holds the pharmacist responsible for knowingly dispensing a prescription that was not issued in the usual course of professional treatment."

29.     Furthermore, "A prescription for a controlled substance to be effective must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice. The responsibility for the proper prescribing and dispensing of controlled substances is upon the prescribing practitioner, but a corresponding responsibility rests with the pharmacist who fills the prescription." 21 C.F.R. § 1306.04(a)

30.     Walgreens discouraged this vigilance and encouraged its pharmacists to dispense all drugs including controlled substances upon presentation of a prescription.

8

31. State laws also require pharmacists to dispense controlled substances in good faith. By way of example, the Illinois Controlled Substance Act, 720 ILCS 570/312, requires a pharmacist practitioner to only dispense controlled substances in good faith.

32. "'Good faith'" means the prescribing or dispensing of a controlled substance by a practitioner in the regular course of professional treatment to or for any person who is under his or her treatment for a pathology or condition other than that individual's physical or psychological dependence upon or addiction to a controlled substance, except as provided herein: and application of the term to a pharmacist shall mean the dispensing of a controlled substance pursuant to the prescriber's order which in the professional judgment of the pharmacist is lawful. The pharmacist shall be guided by accepted professional standards including, but not limited to the following, in making the judgment:

(1) lack of consistency of prescriber-patient relationship,

(2) frequency of prescriptions for same drug by one prescriber for large numbers of patients,

(3) quantities beyond those normally prescribed,

(4) unusual dosages (recognizing that there may be clinical circumstances where more or less than the usual dose may be used legitimately),

(5) unusual geographic distances between patient, pharmacist and prescriber,

(6) consistent prescribing of habit-forming drugs."

720 ILCS 570/102(u).

33. These guidelines serve to put pharmacists on notice as to the types of practices that may indicate that the pharmacist should not dispense the controlled substance. The dispensing of a controlled substance when one of these factors or other factors is present has

9

been found to constitute a lack of good faith. The factors stated in Section 570/102(u) are not intended to be all-inclusive.

34.     Walgreens discouraged its pharmacist from refusing to fill questionable prescriptions for controlled substances because Walgreens was more concerned with maintaining customer relationships, and increasing sales, than dispensing controlled substances in accordance with good pharmacy practices. Walgreens dispensed controlled substances not in good faith and not in the exercise of sound professional judgment, resulting in false or fraudulent claims being submitted to government healthcare programs.

35.     The other State plaintiffs have similar laws, rules or regulations.

36.     Walgreens maintains centralized control over its pharmacy operations.

## VII.    WALGREENS' SCHEME TO DEFRAUD.

37.     Despite the fact that Walgreens knew that it was unlawful for its pharmacists to dispense controlled substances without the use of sound professional judgement, Walgreens discouraged its pharmacist from using their sound professional judgement and encouraged its pharmacists to dispense controlled substances even when factors were present indicating that the controlled substance could not be dispensed in good faith or with the exercise of sound professional judgment because the prescriptions were doubtful, questionable, or suspicious.

38.     Walgreens' control of its billing and prescription dispensing practice are consistent nationwide. The occurrences as demonstrated in this Complaint, and in the Chicago area, are consistent with Walgreens' policy and procedures throughout the United States.

39.     This Complaint's representative examples are related to Oxycodone and Hydrocodone. However, the fraud described herein is not limited to only those drugs but

10

includes any drug listed at

https://www.deadiversion.usdoj.gov/schedules/orangebook/c_cs_alpha.pdf. (Exhibit A.)

    40.    Representative samples of Walgreens' knowingly dispensing of controlled substances in violation of good pharmacy practices and submitted false claims are included in the following.

    41.    The prescription history for JM shows Hydrocodone/Acetaminophen (NORCO) prescriptions being presented from three different prescribers in five months between September 22, 2015, and February 11, 2016.

    42.    One prescription for JM was from a prescriber located on the 1500 block of West Chicago Avenue, in Chicago, while another prescriber was located in Glen Ellyn, Illinois.

    43.    JM's prescriptions were billed to and paid by U.S. Scripts Medicaid.

    44.    The Walgreens pharmacists who filled these prescriptions were not being guided by or following professional standards because there was (1), a lack of consistency of prescriber-patient relationship, (2) an unusual distance between patient and pharmacist (23 miles), and (3) the consistent prescribing of habit-forming drugs. JM had at least 14 prescriptions for Hydrocodone/Acetaminophen, Count 120 filled between November 14, 2014, and March 14, 2016.

    45.    For patient EW prescriptions were presented from multiple prescribers including:

    a.    Dr. Robert C. Miklos, November 19, 2015, for Oxycodone 30 mg, Count 90, 6634 W. Archer, Chicago.

    b.    D. Regina A Uthe PA-C, August 12, 2015, for Oxycodone 30 mg, Count 90, 2266 N. Lincoln Avenue, Chicago.

c.     Dr. Naveed Muhammad, July 9, 2015, Oxycodone 30 mg, Count 90, 7531 Stony Island Avenue, Chicago.

d.     Dr. John Kahler, June 12, 2015, NORCO 10/325, Count 120, located at either 5401 S. Wentworth or 5050 S. State Street, Chicago.

e.     Dr. Keshaua, January 27, 2015, NORCO 10/325, Count 120, 7845 S. Cottage Grove, Chicago. This prescription was filled, and the claim was submitted to and paid by Cigna Medicare Part D. Patient EW is approximately 30 years of age.

46.     These prescriptions for EW were filled without good faith as: (1) there is a lack of consistency of prescriber-patient relationship; and (2) an unusual geographic distance between patient and prescriber.

47.     Patient MV had 15 prescriptions filled for Oxycodone or Hydrocodone/Acetaminophen between March 10, 2014, and February 20, 2015.

48.     MV had prescriptions filled at Walgreens from prescriber Dr. Facundo B. Dovale on March 10, 2014, for Oxycodone 30 mg, Count 90, and Hydrocodone/Acetaminophen 325/10, Count 120. A prescription for the same controlled substances was filled at Walgreens on April 14, 2014.

49.     On May 19, 2014, a prescription was filled for MV at Walgreens from prescriber Ramon Castro for Oxycodone 30 mg, Count 60 and Hydrocodone/Acetaminophen 325/10 #90.

50.     On July 25, 2014, a prescription was filled for MV at Walgreens from prescriber Dr. Maria Tuason, for Hydrocodone/Acetaminophen 325/10, Count 30.

51.     On August 12, 2014, and prescription was filled for MV at Walgreens from prescriber Dr. William Otero for Oxycodone 30 mg, Count 24.

52. On September 15, 2014, another prescription was filled for MV at Walgreens from prescriber Dr. Otero for Oxycodone 30 mg, Count 24.

53. On October 7, 2014, a prescription was filled for MV at Lake Pharmacy, Chicago, from prescriber Dr. Singh Randhawa for Hydrocodone/Acetaminophen 325/10, Count 30.

54. On December 15, 2014, a prescription was filled for MV at Walgreen from prescriber Dr. Akhter for Hydrocodone/Acetaminophen 325/10, Count 90.

55. On December 22, 2014, a prescription was filled for MV at Osco 3296 Chicago from prescriber Dr. Akhter for Oxycodone 30 mg., Count 90.

56. On January 24, 2015, a prescription was filled for MV at Osco 3341 Wood Dale, from prescriber Dr. Akhter for Oxycodone 30 mg., Count 90

57. On January 26, 2015, a prescription was filled for MV at Osco 3349 Chicago, from prescriber Dr. Akhter, for Hydrocodone/Acetaminophen 325/10, Count 120.

58. On February 20, 2015, a prescription was filled for MV from prescriber Dr. Akhter for Oxycodone 30 mg., Count 90.

59. All of these prescriptions for MV were billed to Illinois Medicaid on or about the date filled.

60. These prescriptions for MV were not filled in good faith. These prescriptions were filled without good faith in that: (1) there is a lack of consistency of prescriber-patient; (2) multiple pharmacies were used; and (3) there is the consistent prescribing of habit-forming drugs.

61. Patient JW had multiple prescriptions filled from various prescribers some with the same handwriting.

62.     On May 19, 2015, a prescription for JW from prescriber Amer Husseini for Hydrocodone/Acetaminophen 10-325, Count 120 was dispensed by Walgreens.

63.     On June 15, 2015, a prescription for JW for Hydrocodone/Acetaminophen 10-325, Count 120 was dispensed by Walgreens.

64.     On July 16, 2015, a prescription for JW from prescriber Rudyard Smith for Hydrocodone/Acetaminophen 10-325, Count 120 was dispensed by Walgreens.

65.     On October 15, 2015, a prescription for JW for Hydrocodone/Acetaminophen 10-325, Count 120 was dispensed by Walgreens.

66.     On January 30, 2016, a prescription for JW from prescriber Azzam Alkhudari for Oxycodone 30 mg, Count 90 was dispensed by Walgreens.

67.     On March 18, 2016, a prescription for JW from prescriber Devina Shah for Oxycodone 30 mg, Count 90 was dispensed by Walgreens.

68.     On May 18, 2016, a prescription for JW from prescriber Rostyslav Szwajkun for Hydrocodone/Acetaminophen 10-325, Count 120 was dispensed by Walgreens.

69.     On June 28, 2016, a prescription for JW from prescriber Bernardo Li for Oxycodone/Acetaminophen 10-325 mg, Count 90 was dispensed by Walgreens.

70.     For these prescriptions for JW payment was made by US Scripts Medicaid.

71.     For these prescriptions for JW there was a lack of consistency of the prescriber-patient relationship and multiple prescriptions from different prescribers with the same handwriting.

72.     Walgreens has knowingly submitted thousands of false claims to Medicaid and other federal and state funded prescription drug programs.

14

## VIII.   REVERSE FALSE CLAIMS ALLEGATION

73.     Section 3729(G) of the Federal False Claims Act creates liability for knowingly concealing or avoiding an obligation to pay or return money to the Government. Medicaid rules require a person to refund or return any funds received by it to which it was not entitled. An overpayment must be returned no later than 60 days after the overpayment is identified. An overpayment not returned by the 60-day deadline is an "obligation" under 31 U.S.C. § 3729(G). 42 C.F.R. §1320a-7K(d)

74.     Pharmacy items may be dispensed only when they are in full compliance with state and federal laws and regulations. *See, e.g.*, Handbook for Pharmacy Services, Chapter P-208 Filling of Prescriptions. The dispensing of controlled substances based on an invalid prescription are not covered services. *See, e.g.*, Illinois Handbook for Providers, Chapter 100, Section 104. The filling of an invalid prescription results in an improper claim and must be voided. *Id.* at Sec. 132.1

75.     Representative examples of claims not reversed based on Walgreens knowledge that the prescriptions were fake or forged are stated below.

76.     On May 29, 2014, a fake prescription was filled for Oxycodone 30 mg, Count 60 and billed to WellCare Medicare Part D, for patient LVW.

77.     An email dated May 29, 2014, states: "We just got a phoney oxycodone rx. It was realized after it was sold that it may be a fake. we faxed the rx to the doctor's office. they called back saying it was a phoney. the name is xxxx xxx xxxxxx [LVW] (2/19/34). is there anything else that needs to be done besides the stars event? thanks" This claim was not reversed.

78. On February 28, 2015, patient information for patient JD states "Fake oxy rx from Dr. MAdison 1/14/15 CW Double Check any Control RX from this patient Fake Oxy Rx. 2/28/15 – Andre"

79. Despite knowing that patient JD presented fake prescriptions for controlled substances prescriptions for Oxycodone HCL 30 mg, Count 90 were filled by Walgreens on February 11, 2015, January 22, 2015, January 7, 2015, and December 28, 2014, from Dr. Madison. These claims were submitted to Aetna Managed Medicaid and were not reversed.

80. On January 21, 2015, patient comments for patient TW stated, "DO NOT ACCEPT ANY CONTROLS FROM THIS PATIENT!!!, RUNNING PHONEY RXS FOR MULTIPLE PATIENTS ON STOLEN BLANKS!!!"

81. Despite knowing that this patient was presenting Walgreens with fake prescriptions, Walgreens filled controlled substance prescriptions for patient TW after January 21, 2015. Walgreens submitted claims for these controlled substances and did not reverse the claims after knowing that the prescriptions were fake and reimbursement from Medicaid was not authorized.

82. Prescriptions were filled for patient TW for:

    a.    Hydrocodone/Acetaminophen, Count 120 on March 18, 2015

    b.    Hydrocodone/Acetaminophen, Count 120 on January 24, 2015

    c.    Oxycodone 30 mg, Count 90 on October 11, 2014

    d.    Oxycodone 30 mg, Count 90 on September 25, 2014

    e.    Hydrocodone/Acetaminophen, Count 120 on September 10, 2014

    f.    Hydrocodone/Acetaminophen, Count 120 on June 24, 2014.

83.     The prescription for TW from January 24, 2015, was billed to U.S. Scripts Medicaid and not reversed.

84.     Patient comment notes for patient TB, last updated January 21, 2015, state "FOLLOW GFD. REFUSED NORCO @3539 ON 9/6/14. 120 NORCO'S FROM A PODIATRIST PT NEVER BEEN TO BEFORE.gfd norco- verified phoney w/ dr shahida"

85.     Despite knowing that this patient was presenting phony prescriptions for controlled substances, Walgreens continued to fill controlled substance prescriptions for this patient after January 21, 2015, submitted claims for the prescriptions to Illinois Medicaid and did not reverse the claims after learning that the prescriptions were fake.

86.     The following prescriptions were filled for patient TB by Walgreens:

    a.     March 11, 2015, Hydrocodone/Acetaminophen 10-325, Count 120

    b.     January 30, 2015, Hydrocodone/Acetaminophen 10-325, Count 120

    c.     January 16, 2015, Oxycodone 30 mg, Count 90

    d.     December 11, 2014, Hydrocodone/Acetaminophen 10-325, Count 120

    e.     October 30, 2014, Hydrocodone/Acetaminophen 10-325, Count 120

    f.     September 26, 2014, Hydrocodone/Acetaminophen 10-325, Count 120

87.     All of these prescriptions for controlled substances for TB were submitted to Illinois Medicaid for payment and not reversed by Walgreen after Walgreens knew that the prescriptions were fake, that payment was not authorized, and that Walgreens received funds for which it was not entitled.

88.     For patient DW the patient information page notes "*VERIFY RX*WATCH PHONIES*". The patient comments state "FRAUDULENT RX(S) BROUGHT IN – NO

17

CONTROLS!!! RX NOT filled in GOOD FAITH – Oxycodone – DO NOT FILL – DR
CONFORMNED [sic]." This section was last updated on January 24, 2015.

89.     Despite knowing that patient DW was bringing in fraudulent prescriptions for
controlled substances, Walgreens did not reverse the fake prescription claims submitted to
Medicaid and continued to fill prescriptions for controlled substances after January 24, 2015.

90.     Walgreens filled prescriptions for DW for Hydrocodone/Acetaminophen 10-325,
Count 120 on July 30, 2014, August 31, 2014, September 30, 2014, December 5, 2014,
December 22, 2014, and February 15, 2015.  Walgreens filled prescriptions for Oxycodone 30
mg, Count 90 on November 30, 2014, and March 29, 2015.

91.     Walgreens filled prescriptions for controlled substances for DW even after it
knew that patient DW was presenting Walgreens with fraudulent prescriptions. These
prescriptions were billed to Health Springs Managed Medicaid and were not reversed by
Walgreens even after Walgreens knew that these prescriptions were fake, that payment was not
authorized, and that Walgreens received funds to which it was not entitled.

92.     Walgreens has knowingly concealed or avoided its obligation to pay or return
money to the Government after it received funds to which it was not entitled from Medicaid and
other federal and state funded prescription drug programs.

### Count 1
### (Presentation of False Claim)
### United States
(31 U.S.C. § 3729(a)(1)(A))

93.     Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if
set forth fully herein.

94.     Defendant Walgreens knowingly presented, or caused to be presented, false and
fraudulent claims for payment or approval to the United States.

18

95.     These false or fraudulent claims presented or caused to be presented for payment by Walgreens are related to claims for reimbursement of controlled substance prescriptions which were not dispensed as required with the pharmacist exercising sound professional judgment.

96.     By virtue of the false and fraudulent claims made by Walgreens, the United States suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

### Count 2
### (Presentation of False Claim)
### California
(Cal. Gov't Code Ann. § 12651(a)(1))

97.     Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

98.     Defendant Walgreens knowingly presented, or caused to be presented, false and fraudulent claims for payment or approval to California.

99.     These false or fraudulent claims presented or caused to be presented for payment by Walgreens are related to claims for reimbursement of controlled substance prescriptions which were not dispensed as required with the pharmacist exercising sound professional judgment.

100.    By virtue of the false and fraudulent claims made by Walgreens, California suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

### Count 3
### (Presentation of False Claim)
### Colorado
(Colo. Rev. Stat. Ann. § 25.5-4-305(1)(a))

101.     Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

102.     Defendant Walgreens knowingly presented, or caused to be presented, false and fraudulent claims for payment or approval to Colorado.

103.     These false or fraudulent claims presented or caused to be presented for payment by Walgreens are related to claims for reimbursement of controlled substance prescriptions which were not dispensed as required with the pharmacist exercising sound professional judgment.

104.     By virtue of the false and fraudulent claims made by Walgreens, Colorado suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

### Count 4
### (Presentation of False Claim)
### Connecticut
(Conn. Gen. Stat. Ann. § 4-275(a)(1))

105.     Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

106.     Defendant Walgreens knowingly presented, or caused to be presented, false and fraudulent claims for payment or approval to a Connecticut health or human services program.

107.     These false or fraudulent claims presented or caused to be presented for payment by Walgreens are related to claims for reimbursement of controlled substance prescriptions

which were not dispensed as required with the pharmacist exercising sound professional judgment.

108.    By virtue of the false and fraudulent claims made by Walgreens, Connecticut suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

### Count 5
### (Presentation of False Claim)
### Delaware
(Del. Code Ann. tit. 6, § 1201(a)(1))

109.    Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

110.    Defendant Walgreens knowingly presented, or caused to be presented, false and fraudulent claims for payment or approval to Delaware.

111.    These false or fraudulent claims presented or caused to be presented for payment by Walgreens are related to claims for reimbursement of controlled substance prescriptions which were not dispensed as required with the pharmacist exercising sound professional judgment.

112.    By virtue of the false and fraudulent claims made by Walgreens, Delaware suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

### Count 6
### (Presentation of False Claim)
### Florida
(Fla. Stat. Ann. § 68.082(2)(a))

113.    Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

114.     Defendant Walgreens knowingly presented, or caused to be presented, false and fraudulent claims for payment or approval to Florida.

115.     These false or fraudulent claims presented or caused to be presented for payment by Walgreens are related to claims for reimbursement of controlled substance prescriptions which were not dispensed as required with the pharmacist exercising sound professional judgment.

116.     By virtue of the false and fraudulent claims made by Walgreens, Florida suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

### Count 7
### (Presentation of False Claim)
### Georgia
(Ga. Code Ann. § 49-4-168.1(a)(1))

117.     Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

118.     Defendant Walgreens knowingly presented, or caused to be presented, false and fraudulent claims for payment or approval to the Georgia Medicaid program.

119.     These false or fraudulent claims presented or caused to be presented for payment by Walgreens are related to claims for reimbursement of controlled substance prescriptions which were not dispensed as required with the pharmacist exercising sound professional judgment.

120.     By virtue of the false and fraudulent claims made by Walgreens, Georgia suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

### Count 8
### (Presentation of False Claim)
### Hawaii
(Haw. Rev. Stat. Ann. § 661-21(a)(1))

121.    Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

122.    Defendant Walgreens knowingly presented, or caused to be presented, false and fraudulent claims for payment or approval to Hawaii.

123.    These false or fraudulent claims presented or caused to be presented for payment by Walgreens are related to claims for reimbursement of controlled substance prescriptions which were not dispensed as required with the pharmacist exercising sound professional judgment.

124.    By virtue of the false and fraudulent claims made by Walgreens, Hawaii suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

### Count 9
### (Presentation of False Claim)
### Illinois
(740 Ill. Comp. Stat. §175/3(a)(1)(A))

125.    Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

126.    Defendant Walgreens knowingly presented, or caused to be presented, false and fraudulent claims for payment or approval to Illinois.

127.    These false or fraudulent claims presented or caused to be presented for payment by Walgreens are related to claims for reimbursement of controlled substance prescriptions

which were not dispensed as required with the pharmacist exercising sound professional judgment.

128.    By virtue of the false and fraudulent claims made by Walgreens, Illinois suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

<div align="center">

**Count 10**
**(Presentation of False Claim)**
**Indiana**
(Ind. Code Ann. § 5-11-5.7-2(a)(1))

</div>

129.    Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

130.    Defendant Walgreens knowingly presented, or caused to be presented, false and fraudulent claims for payment or approval to Indiana.

131.    These false or fraudulent claims presented or caused to be presented for payment by Walgreens are related to claims for reimbursement of controlled substance prescriptions which were not dispensed as required with the pharmacist exercising sound professional judgment.

132.    By virtue of the false and fraudulent claims made by Walgreens, Indiana suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

<div align="center">

**Count 11**
**(Presentation of False Claim)**
**Iowa**
(Iowa Code Ann. § 685.2(1)(a))

</div>

133.    Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

<div align="center">24</div>

134. Defendant Walgreens knowingly presented, or caused to be presented, false and fraudulent claims for payment or approval to Iowa.

135. These false or fraudulent claims presented or caused to be presented for payment by Walgreens are related to claims for reimbursement of controlled substance prescriptions which were not dispensed as required with the pharmacist exercising sound professional judgment.

136. By virtue of the false and fraudulent claims made by Walgreens, Iowa suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

## Count 12
### (Presentation of False Claim)
### Louisiana
(La. Stat. Ann. § 46:438.3 A)

137. Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

138. Defendant Walgreens knowingly presented, or caused to be presented, false and fraudulent claims for payment or approval to Louisiana.

139. These false or fraudulent claims presented or caused to be presented for payment by Walgreens are related to claims for reimbursement of controlled substance prescriptions which were not dispensed as required with the pharmacist exercising sound professional judgment.

140. By virtue of the false and fraudulent claims made by Walgreens, Louisiana suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

**Count 13**
**(Presentation of False Claim)**
**Maryland**
(Md. Health-Gen. Code Ann. § 2-602(a)(1))

141.    Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

142.    Defendant Walgreens knowingly presented, or caused to be presented, false and fraudulent claims for payment or approval to Maryland.

143.    These false or fraudulent claims presented or caused to be presented for payment by Walgreens are related to claims for reimbursement of controlled substance prescriptions which were not dispensed as required with the pharmacist exercising sound professional judgment.

144.    By virtue of the false and fraudulent claims made by Walgreens, Maryland suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

**Count 14**
**(Presentation of False Claim)**
**Massachusetts**
(Mass. Gen. Laws Ann. Ch. 12, § 5B(a)(1))

145.    Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

146.    Defendant Walgreens knowingly presented, or caused to be presented, false and fraudulent claims for payment or approval to Massachusetts.

147.    These false or fraudulent claims presented or caused to be presented for payment by Walgreens are related to claims for reimbursement of controlled substance prescriptions

which were not dispensed as required with the pharmacist exercising sound professional judgment.

148.    By virtue of the false and fraudulent claims made by Walgreens, Massachusetts suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

<div align="center">

**Count 15**
**(Presentation of False Claim)**
**Michigan**
(Mich. Comp. Laws Ann. § 400.603-1)

</div>

149.    Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

150.    Defendant Walgreens knowingly made or caused to be made a false statement or representation of a material fact to Michigan for Medicaid benefits.

151.    These false statements or representations by Walgreens are related to claims for reimbursement of controlled substance prescriptions which were not dispensed as required with the pharmacist exercising sound professional judgment.

152.    By virtue of the false and fraudulent claims made by Walgreens, Michigan suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

<div align="center">

**Count 16**
**(Presentation of False Claim)**
**Minnesota**
(Minn. Stat. Ann. § 15C.02(a)(1))

</div>

153.    Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

<div align="center">27</div>

154.    Defendant Walgreens knowingly presented, or caused to be presented, false and fraudulent claims for payment or approval to Minnesota.

155.    These false or fraudulent claims presented or caused to be presented for payment by Walgreens are related to claims for reimbursement of controlled substance prescriptions which were not dispensed as required with the pharmacist exercising sound professional judgment.

156.    By virtue of the false and fraudulent claims made by Walgreens, Minnesota suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

### Count 17
### (Presentation of False Claim)
### Montana
(Mont. Code Ann. § 17-8-403(1)(a))

157.    Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

158.    Defendant Walgreens knowingly presented, or caused to be presented, false and fraudulent claims for payment or approval to Montana.

159.    These false or fraudulent claims presented or caused to be presented for payment by Walgreens are related to claims for reimbursement of controlled substance prescriptions which were not dispensed as required with the pharmacist exercising sound professional judgment.

160.    By virtue of the false and fraudulent claims made by Walgreens, Montana suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

## Count 18
### (Presentation of False Claim)
### Nevada
(Nev. Rev. Stat. Ann. § 357.040(1)(a))

161.     Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

162.     Defendant Walgreens knowingly presented, or caused to be presented, false and fraudulent claims for payment or approval to Nevada.

163.     These false or fraudulent claims presented or caused to be presented for payment by Walgreens are related to claims for reimbursement of controlled substance prescriptions which were not dispensed as required with the pharmacist exercising sound professional judgment.

164.     By virtue of the false and fraudulent claims made by Walgreens, Nevada suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

## Count 19
### (Presentation of False Claim)
### New Hampshire
(N.H. Rev. Stat. Ann. § 167:61-b I(a))

165.     Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

166.     Defendant Walgreens knowingly presented, or caused to be presented, false and fraudulent claims for payment or approval to the New Hampshire Department of Health and Human Services.

167.     These false or fraudulent claims presented or caused to be presented for payment by Walgreens are related to claims for reimbursement of controlled substance prescriptions

which were not dispensed as required with the pharmacist exercising sound professional judgment.

168.    By virtue of the false and fraudulent claims made by Walgreens, New Hampshire suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

**Count 20**
**(Presentation of False Claim)**
**New Jersey**
(N.J. Stat. Ann. § 2A:32C-3-a)

169.    Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

170.    Defendant Walgreens knowingly presented, or caused to be presented, false and fraudulent claims for payment or approval to New Jersey.

171.    These false or fraudulent claims presented or caused to be presented for payment by Walgreens are related to claims for reimbursement of controlled substance prescriptions which were not dispensed as required with the pharmacist exercising sound professional judgment.

172.    By virtue of the false and fraudulent claims made by Walgreens, New Jersey suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

**Count 21**
**(Presentation of False Claim)**
**New Mexico**
(N.M. Stat. Ann. § 27-14-4-A)

173.    Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

174.    Defendant Walgreens knowingly presented, or caused to be presented, false and fraudulent claims for payment or approval to New Mexico.

175.    These false or fraudulent claims presented or caused to be presented for payment by Walgreens are related to claims for reimbursement of controlled substance prescriptions which were not dispensed as required with the pharmacist exercising sound professional judgment.

176.    By virtue of the false and fraudulent claims made by Walgreens, New Mexico suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

## Count 22
## (Presentation of False Claim)
## New York
(N.Y. State Fin. Law § 189-1(a))

177.    Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

178.    Defendant Walgreens knowingly presented, or caused to be presented, false and fraudulent claims for payment or approval to New York.

179.    These false or fraudulent claims presented or caused to be presented for payment by Walgreens are related to claims for reimbursement of controlled substance prescriptions which were not dispensed as required with the pharmacist exercising sound professional judgment.

180.    By virtue of the false and fraudulent claims made by Walgreens, New York suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

31

### Count 23
### (Presentation of False Claim)
### North Carolina
(N.C. Gen. Stat. Ann. § 1-607(a)(1))

181.     Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

182.     Defendant Walgreens knowingly presented, or caused to be presented, false and fraudulent claims for payment or approval to North Carolina.

183.     These false or fraudulent claims presented or caused to be presented for payment by Walgreens are related to claims for reimbursement of controlled substance prescriptions which were not dispensed as required with the pharmacist exercising sound professional judgment.

184.     By virtue of the false and fraudulent claims made by Walgreens, North Carolina suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

### Count 24
### (Presentation of False Claim)
### Oklahoma
(Okla. Stat. Ann. tit. 63, § 5053.1-B.1)

185.     Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

186.     Defendant Walgreens knowingly presented, or caused to be presented, false and fraudulent claims for payment or approval to Oklahoma.

187.     These false or fraudulent claims presented or caused to be presented for payment by Walgreens are related to claims for reimbursement of controlled substance prescriptions

which were not dispensed as required with the pharmacist exercising sound professional judgment.

188.    By virtue of the false and fraudulent claims made by Walgreens, Oklahoma suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

### Count 25
### (Presentation of False Claim)
### Rhode Island
(9 R.I. Gen. Laws Ann. § 9-1.1-3(a)(1))

189.    Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

190.    Defendant Walgreens knowingly presented, or caused to be presented, false and fraudulent claims for payment or approval to Rhode Island.

191.    These false or fraudulent claims presented or caused to be presented for payment by Walgreens are related to claims for reimbursement of controlled substance prescriptions which were not dispensed as required with the pharmacist exercising sound professional judgment.

192.    By virtue of the false and fraudulent claims made by Walgreens, Rhode Island suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

### Count 26
### (Presentation of False Claim)
### Tennessee
(Tenn. Code Ann. § 4-18-103(a)(1))

193.    Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

194. Defendant Walgreens knowingly presented, or caused to be presented, false and fraudulent claims for payment or approval to Tennessee.

195. These false or fraudulent claims presented or caused to be presented for payment by Walgreens are related to claims for reimbursement of controlled substance prescriptions which were not dispensed as required with the pharmacist exercising sound professional judgment.

196. By virtue of the false and fraudulent claims made by Walgreens, Tennessee suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

<div align="center">

**Count 27**
**(Presentation of False Claim)**
**Texas**
(Tex. Hum. Res. Code Ann. § 36.002(1))

</div>

197. Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

198. Defendant Walgreens knowingly presented, or caused to be presented, false and fraudulent claims for payment or approval to the Texas Medicaid Program.

199. These false or fraudulent claims presented or caused to be presented for payment by Walgreens are related to claims for reimbursement of controlled substance prescriptions which were not dispensed as required with the pharmacist exercising sound professional judgment.

200. By virtue of the false and fraudulent claims made by Walgreens, Texas suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

## Count 28
### (Presentation of False Claim)
### Vermont
(Vt. Stat. Ann. tit. 32, § 631(a)(1))

201.    Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

202.    Defendant Walgreens knowingly presented, or caused to be presented, false and fraudulent claims for payment or approval to Vermont.

203.    These false or fraudulent claims presented or caused to be presented for payment by Walgreens are related to claims for reimbursement of controlled substance prescriptions which were not dispensed as required with the pharmacist exercising sound professional judgment.

204.    By virtue of the false and fraudulent claims made by Walgreens, Vermont suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

## Count 29
### (Presentation of False Claim)
### Virginia
(Va. Code Ann. § 8.01-216.3-A1)

205.    Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

206.    Defendant Walgreens knowingly presented, or caused to be presented, false and fraudulent claims for payment or approval to Virginia.

207.    These false or fraudulent claims presented or caused to be presented for payment by Walgreens are related to claims for reimbursement of controlled substance prescriptions

which were not dispensed as required with the pharmacist exercising sound professional judgment.

208.    By virtue of the false and fraudulent claims made by Walgreens, Virginia suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

### Count 30
### (Presentation of False Claim)
### Washington
(Wash. Rev. Code Ann. § 74.66.020(1)(a))

209.    Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

210.    Defendant Walgreens knowingly presented, or caused to be presented, false and fraudulent claims for payment or approval to Washington.

211.    These false or fraudulent claims presented or caused to be presented for payment by Walgreens are related to claims for reimbursement of controlled substance prescriptions which were not dispensed as required with the pharmacist exercising sound professional judgment.

212.    By virtue of the false and fraudulent claims made by Walgreens, Washington suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

### Count 31
### (Conceal an Obligation)
### United States
(31 U.S.C. § 3729(a)(1)(G))

213.    Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

36

214.     Defendant Walgreens knowingly concealed or knowingly and improperly avoided an obligation to pay or transmit money or property to the United States.

215.     These false or fraudulent claims relate to prescriptions billed to Medicaid or other federal and/or state funded health care programs that were not reversed by Walgreens even after Walgreens knew that these prescriptions were fake, that payment was not authorized, and that Walgreens received funds to which it was not entitled.

216.     By virtue of Walgreens concealing its obligation to transmit money to the United States, the United States suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

## Count 32
### (Conceal an Obligation)
### California
(Cal. Gov't Code Ann. § 12651(a)(7))

217.     Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

218.     Defendant Walgreens knowingly concealed or knowingly and improperly avoided an obligation to pay or transmit money or property to California.

219.     These false or fraudulent claims relate to prescriptions billed to Medicaid or other federal and/or state funded health care programs that were not reversed by Walgreens even after Walgreens knew that these prescriptions were fake, that payment was not authorized, and that Walgreens received funds to which it was not entitled.

220.     By virtue of Walgreens concealing its obligation to transmit money California, California suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

**Count 33**
**(Conceal an Obligation)**
**Colorado**
(Colo. Rev. Stat. Ann. § 25.5-4-305(1)(f))

221.    Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

222.    Defendant Walgreens knowingly concealed or knowingly and improperly avoided an obligation to pay or transmit money or property to Colorado.

223.    These false or fraudulent claims relate to prescriptions billed the Colorado Medical Assistance Act or other federal and/or state funded health care programs that were not reversed by Walgreens even after Walgreens knew that these prescriptions were fake, that payment was not authorized, and that Walgreens received funds to which it was not entitled.

224.    By virtue of Walgreens concealing its obligation to transmit money to Colorado, Colorado suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

**Count 34**
**(Conceal an Obligation)**
**Connecticut**
(Conn. Gen. Stat. Ann. § 4-275(a)(8))

225.    Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

226.    Defendant Walgreens knowingly concealed or knowingly and improperly avoided an obligation to pay or transmit money or property to Connecticut.

227.    These false or fraudulent claims relate to prescriptions billed to a state-administered health or human services program, Medicaid or other federal and/or state funded health care programs that were not reversed by Walgreens even after Walgreens knew that these

prescriptions were fake, that payment was not authorized, and that Walgreens received funds to which it was not entitled.

228.　By virtue of Walgreens concealing its obligation to transmit money to Connecticut, Connecticut suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

## Count 35
### (Conceal an Obligation)
### Delaware
(Del. Code Ann. tit. 6, § 1201(a)(7))

229.　Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

230.　Defendant Walgreens knowingly concealed or knowingly and improperly avoided an obligation to pay or transmit money or property to Delaware.

231.　These false or fraudulent claims relate to prescriptions billed to Medicaid or other federal and/or state funded health care programs that were not reversed by Walgreens even after Walgreens knew that these prescriptions were fake, that payment was not authorized, and that Walgreens received funds to which it was not entitled.

232.　By virtue of Walgreens concealing its obligation to transmit money to Delaware, Delaware suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

## Count 36
### (Conceal an Obligation)
### Florida
(Fla. Stat. Ann. § 68.082(2)(g))

233.　Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

39

234.    Defendant Walgreens knowingly concealed or knowingly and improperly avoided an obligation to pay or transmit money or property to Florida.

235.    These false or fraudulent claims relate to prescriptions billed to Medicaid or other federal and/or state funded health care programs that were not reversed by Walgreens even after Walgreens knew that these prescriptions were fake, that payment was not authorized, and that Walgreens received funds to which it was not entitled.

236.    By virtue of Walgreens concealing its obligation to transmit money to Florida, Florida suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

### Count 37
### (Conceal an Obligation)
### Georgia
(Ga. Code Ann. § 49-4-168.1(a)(7))

237.    Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

238.    Defendant Walgreens knowingly concealed or knowingly and improperly avoided an obligation to pay or transmit money or property to Georgia.

239.    These false or fraudulent claims relate to prescriptions billed to Medicaid or other federal and/or state funded health care programs that were not reversed by Walgreens even after Walgreens knew that these prescriptions were fake, that payment was not authorized, and that Walgreens received funds to which it was not entitled.

240.    By virtue of Walgreens concealing its obligation to transmit money to Georgia, Georgia suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

### Count 38
### (Conceal an Obligation)
### Hawaii
(Haw. Rev. Stat. Ann. § 661-21(a)(6))

241.    Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

242.    Defendant Walgreens knowingly concealed or knowingly and improperly avoided an obligation to pay or transmit money or property to Hawaii.

243.    These false or fraudulent claims relate to prescriptions billed to Medicaid or other federal and/or state funded health care programs that were not reversed by Walgreens even after Walgreens knew that these prescriptions were fake, that payment was not authorized, and that Walgreens received funds to which it was not entitled.

244.    By virtue of Walgreens concealing its obligation to transmit money to Hawaii, Hawaii suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

### Count 39
### (Conceal an Obligation)
### Illinois
(740 Ill. Comp. Stat. §175/3(a)(1)(G))

245.    Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

246.    Defendant Walgreens knowingly concealed or knowingly and improperly avoided an obligation to pay or transmit money or property to Illinois.

247.    These false or fraudulent claims relate to prescriptions billed to Medicaid or other federal and/or state funded health care programs that were not reversed by Walgreens even after

Walgreens knew that these prescriptions were fake, that payment was not authorized, and that Walgreens received funds to which it was not entitled.

248.     By virtue of Walgreens concealing its obligation to transmit money to Illinois States, Illinois suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

### Count 40
### (Conceal an Obligation)
### Indiana
(Ind. Code Ann. § 5-11-5.7-2(a)(6(B))

249.     Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

250.     Defendant Walgreens knowingly concealed or knowingly and improperly avoided an obligation to pay or transmit money or property to Indiana.

251.     These false or fraudulent claims relate to prescriptions billed to Medicaid or other federal and/or state funded health care programs that were not reversed by Walgreens even after Walgreens knew that these prescriptions were fake, that payment was not authorized, and that Walgreens received funds to which it was not entitled.

252.     By virtue of Walgreens concealing its obligation to transmit money to Indiana, Indiana suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

### Count 41
### (Conceal an Obligation)
### Iowa
(Iowa Code Ann. § 685.2(1)(g))

253.     Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

42

254.    Defendant Walgreens knowingly concealed or knowingly and improperly avoided an obligation to pay or transmit money or property to Iowa.

255.    These false or fraudulent claims relate to prescriptions billed to Medicaid or other federal and/or state funded health care programs that were not reversed by Walgreens even after Walgreens knew that these prescriptions were fake, that payment was not authorized, and that Walgreens received funds to which it was not entitled.

256.    By virtue of Walgreens concealing its obligation to transmit money to Iowa, Iowa suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

### Count 42
### (Conceal an Obligation)
### Louisiana
(La. Stat. Ann. § 46:438.3 C)

257.    Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

258.    Defendant Walgreens knowingly concealed or knowingly and improperly avoided an obligation to pay or transmit money or property to Lousiianna.

259.    These false or fraudulent claims relate to prescriptions billed to the medical assistance program, Medicaid or other federal and/or state funded health care programs that were not reversed by Walgreens even after Walgreens knew that these prescriptions were fake, that payment was not authorized, and that Walgreens received funds to which it was not entitled.

260.    By virtue of Walgreens concealing its obligation to transmit money to Louisiana, Louisiana suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

**Count 43**
**(Conceal an Obligation)**
**Maryland**
(Md. Health-Gen. Code Ann. § 2-602(a)(8))

261.     Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

262.     Defendant Walgreens knowingly concealed or knowingly and improperly avoided an obligation to pay or transmit money or property to Maryland.

263.     These false or fraudulent claims relate to prescriptions billed to Medicaid or other federal and/or state funded health care programs that were not reversed by Walgreens even after Walgreens knew that these prescriptions were fake, that payment was not authorized, and that Walgreens received funds to which it was not entitled.

264.     By virtue of Walgreens concealing its obligation to transmit money to Maryland, Maryland suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

**Count 44**
**(Conceal an Obligation)**
**Massachusetts**
(Mass. Gen. Laws Ann. ch. 12, § 5B(a)(9))

265.     Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

266.     Defendant Walgreens knowingly concealed or knowingly and improperly avoided an obligation to pay or transmit money or property to Massachusetts.

267.     These false or fraudulent claims relate to prescriptions billed to Medicaid or other federal and/or state funded health care programs that were not reversed by Walgreens even after

Walgreens knew that these prescriptions were fake, that payment was not authorized, and that Walgreens received funds to which it was not entitled.

268.     By virtue of Walgreens concealing its obligation to transmit money to Massachusetts, Massachusetts suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

### Count 45
### (Conceal an Obligation)
### Michigan
(Mich. Comp. Laws Ann. § 400.603-3)

269.     Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

270.     Defendant Walgreens knowingly concealed or knowingly and improperly avoided an obligation to pay or transmit money or property to Michigan.

271.     These false or fraudulent claims relate to prescriptions billed to Medicaid or other federal and/or state funded health care programs that were not reversed by Walgreens even after Walgreens knew that these prescriptions were fake, that payment was not authorized, and that Walgreens received funds to which it was not entitled.

272.     By virtue of Walgreens concealing its obligation to transmit money to Michigan, Michigan suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

### Count 46
### (Conceal an Obligation)
### Minnesota
(Minn. Stat. Ann. § 15C.02(a)(7))

273.     Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

274.    Defendant Walgreens knowingly concealed or knowingly and improperly avoided an obligation to pay or transmit money or property to Minnesota.

275.    These false or fraudulent claims relate to prescriptions billed to Medicaid or other federal and/or state funded health care programs that were not reversed by Walgreens even after Walgreens knew that these prescriptions were fake, that payment was not authorized, and that Walgreens received funds to which it was not entitled.

276.    By virtue of Walgreens concealing its obligation to transmit money to Minnesota, Minnesota suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

### Count 47
### (Conceal an Obligation)
### Montana
(Mont. Code Ann. § 17-8-403(1)(g))

277.    Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

278.    Defendant Walgreens knowingly concealed or knowingly and improperly avoided an obligation to pay or transmit money or property to Montana.

279.    These false or fraudulent claims relate to prescriptions billed to Medicaid or other federal and/or state funded health care programs that were not reversed by Walgreens even after Walgreens knew that these prescriptions were fake, that payment was not authorized, and that Walgreens received funds to which it was not entitled.

280.    By virtue of Walgreens concealing its obligation to transmit money to Montana, Montana suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

### Count 48
### (Conceal an Obligation)
### Nevada
(Nev. Rev. Stat. Ann. § 357.040(1)(g))

281.     Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

282.     Defendant Walgreens knowingly concealed or knowingly and improperly avoided an obligation to pay or transmit money or property to Nevada.

283.     These false or fraudulent claims relate to prescriptions billed to Medicaid or other federal and/or state funded health care programs that were not reversed by Walgreens even after Walgreens knew that these prescriptions were fake, that payment was not authorized, and that Walgreens received funds to which it was not entitled.

284.     By virtue of Walgreens concealing its obligation to transmit money to Nevada, Nevada suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

### Count 49
### (Conceal an Obligation)
### New Hampshire
(N.H. Rev. Stat. Ann. § 167:61-b I(e) and (f))

285.     Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

286.     Defendant Walgreens knowingly concealed or knowingly and improperly avoided an obligation to pay or transmit money or property or failed to disclose the inadvertent submission of a false claim to New Hampshire.

287.     These false or fraudulent claims relate to prescriptions billed to the Department of health and human services, Medicaid or other federal and/or state funded health care programs

that were not reversed by Walgreens even after Walgreens knew that these prescriptions were fake, that payment was not authorized, and that Walgreens received funds to which it was not entitled.

288. By virtue of Walgreens concealing its obligation to transmit money to New Hampshire, New Hampshire suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

<div align="center">

**Count 50**
**(Conceal an Obligation)**
**New Jersey**
(N.J. Stat. Ann. § 2A:32C-3-g)

</div>

289. Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

290. Defendant Walgreens knowingly concealed or knowingly and improperly avoided an obligation to pay or transmit money or property to New Jersey.

291. These false or fraudulent claims relate to prescriptions billed to Medicaid or other federal and/or state funded health care programs that were not reversed by Walgreens even after Walgreens knew that these prescriptions were fake, that payment was not authorized, and that Walgreens received funds to which it was not entitled.

292. By virtue of Walgreens concealing its obligation to transmit money to New Jersey, New Jersey suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

### Count 51
### (Conceal an Obligation)
### New Mexico
(N.M. Stat. Ann. § 27-14-4-E)

293.    Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

294.    Defendant Walgreens knowingly concealed or knowingly and improperly avoided an obligation to pay or transmit money or property to New Mexico.

295.    These false or fraudulent claims relate to prescriptions billed to Medicaid or other federal and/or state funded health care programs that were not reversed by Walgreens even after Walgreens knew that these prescriptions were fake, that payment was not authorized, and that Walgreens received funds to which it was not entitled.

296.    By virtue of Walgreens concealing its obligation to transmit money to New Mexico, New Mexico suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

### Count 52
### (Conceal an Obligation)
### New York
(N.Y. State Fin. Law § 189-1(h))

297.    Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

298.    Defendant Walgreens knowingly concealed or knowingly and improperly avoided an obligation to pay or transmit money or property to New York.

299.    These false or fraudulent claims relate to prescriptions billed to Medicaid or other federal and/or state funded health care programs that were not reversed by Walgreens even after

Walgreens knew that these prescriptions were fake, that payment was not authorized, and that Walgreens received funds to which it was not entitled.

300. By virtue of Walgreens concealing its obligation to transmit money to New York, New York suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

## Count 53
### (Conceal an Obligation)
### North Carolina
(N.C. Gen. Stat. Ann. § 1-607(a)(7))

301. Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

302. Defendant Walgreens knowingly concealed or knowingly and improperly avoided an obligation to pay or transmit money or property to North Carolina.

303. These false or fraudulent claims relate to prescriptions billed to Medicaid or other federal and/or state funded health care programs that were not reversed by Walgreens even after Walgreens knew that these prescriptions were fake, that payment was not authorized, and that Walgreens received funds to which it was not entitled.

304. By virtue of Walgreens concealing its obligation to transmit money to North Carolina, North Carolina suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

## Count 54
### (Conceal an Obligation)
### Oklahoma
(Okla. Stat. Ann. tit. 63, § 5053.1-B.7)

305. Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

306.    Defendant Walgreens knowingly concealed or knowingly and improperly avoided an obligation to pay or transmit money or property to Oklahoma.

307.    These false or fraudulent claims relate to prescriptions billed to Medicaid or other federal and/or state funded health care programs that were not reversed by Walgreens even after Walgreens knew that these prescriptions were fake, that payment was not authorized, and that Walgreens received funds to which it was not entitled.

308.    By virtue of Walgreens concealing its obligation to transmit money to Oklahoma, Oklahoma suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

### Count 55
### (Conceal an Obligation)
### Rhode Island
(9 R.I. Gen. Laws Ann. § 9-1.1-3(a)(7))

309.    Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

310.    Defendant Walgreens knowingly concealed or knowingly and improperly avoided an obligation to pay or transmit money or property to Rhode Island.

311.    These false or fraudulent claims relate to prescriptions billed to Medicaid or other federal and/or state funded health care programs that were not reversed by Walgreens even after Walgreens knew that these prescriptions were fake, that payment was not authorized, and that Walgreens received funds to which it was not entitled.

312.    By virtue of Walgreens concealing its obligation to transmit money to Rhode Island, Rhode Island suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

### Count 56
### (Conceal an Obligation)
### Tennessee
(Tenn. Code Ann. § 4-18-103(a)(7) and (8))

313.    Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

314.    Defendant Walgreens knowingly concealed or knowingly and improperly avoided an obligation to pay or transmit money or property or failed to disclose the inadvertent submission of a false claim to Tennessee.

315.    These false or fraudulent claims relate to prescriptions billed to Medicaid or other federal and/or state funded health care programs that were not reversed by Walgreens even after Walgreens knew that these prescriptions were fake, that payment was not authorized, and that Walgreens received funds to which it was not entitled.

316.    By virtue of Walgreens concealing its obligation to transmit money to Tennessee, Tennessee suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

### Count 57
### (Conceal an Obligation)
### Texas
(Tex. Hum. Res. Code Ann. § 36.002(10))

317.    Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

318.    Defendant Walgreens knowingly concealed or knowingly and improperly avoided an obligation to pay or transmit money or property to Texas.

319.    These false or fraudulent claims relate to prescriptions billed to Medicaid or other federal and/or state funded health care programs that were not reversed by Walgreens even after

Walgreens knew that these prescriptions were fake, that payment was not authorized, and that Walgreens received funds to which it was not entitled.

320.  By virtue of Walgreens concealing its obligation to transmit money to Texas, Texas suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

### Count 58
### (Conceal an Obligation)
### Vermont
(Vt. Stat. Ann. tit. 32, § 631(a)(10))

321.  Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

322.  Defendant Walgreens knowingly concealed or knowingly and improperly avoided an obligation to pay or transmit money or property to Vermont.

323.  These false or fraudulent claims relate to prescriptions billed to Medicaid or other federal and/or state funded health care programs that were not reversed by Walgreens even after Walgreens knew that these prescriptions were fake, that payment was not authorized, and that Walgreens received funds to which it was not entitled.

324.  By virtue of Walgreens concealing its obligation to transmit money to Vermont, Vermont suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

### Count 59
### (Conceal an Obligation)
### Virginia
(Va. Code Ann. § 8.01-216.3-A7)

325.  Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

326.     Defendant Walgreens knowingly concealed or knowingly and improperly avoided an obligation to pay or transmit money or property to Virginia.

327.     These false or fraudulent claims relate to prescriptions billed to Medicaid or other federal and/or state funded health care programs that were not reversed by Walgreens even after Walgreens knew that these prescriptions were fake, that payment was not authorized, and that Walgreens received funds to which it was not entitled.

328.     By virtue of Walgreens concealing its obligation to transmit money to Virginia, Virginia suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

## Count 60
### (Conceal an Obligation)
### Washington
(Wash. Rev. Code Ann. § 74.66.020(1)(g))

329.     Relator incorporates by reference paragraphs 1 through 96 of this Complaint as if set forth fully herein.

330.     Defendant Walgreens knowingly concealed or knowingly and improperly avoided an obligation to pay or transmit money or property to Washington.

331.     These false or fraudulent claims relate to prescriptions billed to Medicaid or other federal and/or state funded health care programs that were not reversed by Walgreens even after Walgreens knew that these prescriptions were fake, that payment was not authorized, and that Walgreens received funds to which it was not entitled.

332.     By virtue of Walgreens concealing its obligation to transmit money to Washington, Washington suffered damages and therefore is entitled to damages, to be determined at trial, plus a civil penalty for each violation.

WHEREFORE, Relator prays that the Court enter judgment against Defendant and in favor of the Governments and Relator as follows:

a.      Order Defendant to cease and desist from violating the False Claims Act as stated herein;   ·

b.      Award the Governments the maximum amount of damages as allowed under the Governments False Claims Acts, based on the damages the Governments sustained as a result of Defendant's actions, as well as the maximum amount of civil penalties, as permitted, for each violation of the False Claims Act;

c.      Award Relator Mr. Novak the maximum reward allowed pursuant to the *qui tam* provisions of the Governments' False Claims Acts;

d.      Award Relator Mr. Novak all costs and expenses of this action, including Attorney's fees; and

e.      Award the Governments and Relator Novak all such relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Relators hereby demands

trial by jury.

Respectfully Submitted,
THE UNITED STATES OF AMERICA
*ex rel*. T.J. NOVAK, et al.,

By: _____
Michael C. Rosenblat
Counsel for Relator/Plaintiff T.J. Novak

Michael C. Rosenblat
MICHAEL C. ROSENBLAT, P.C.
707 Skokie Blvd, STE 600
Northbrook, IL 60062
847-480-2390
mike@rosenblatlaw.com