# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>WALGREEN CO., WALGREENS BOOTS ALLIANCE, INC., WALGREEN EASTERN CO., INC., BOND DRUG COMPANY OF ILLINOIS, DUANE READE, DUANE READE, INC., WALGREEN ARIZONA DRUG CO., HAPPY HARRY'S INC., WALGREEN LOUISIANA CO., INC., and WALGREEN OF HAWAII, LLC,<br><br>Defendants. | No. 18-cv-5452,<br>No. 22-cv-6052,<br>No. 22-cv-6366, and<br>No. 23-cv-1617<br><br>Judge Joan H. Lefkow |
| UNITED STATES OF AMERICA, *ex rel.* T.J. NOVAK,<br><br>Plaintiff,<br><br>v.<br><br>WALGREENS BOOTS ALLIANCE, INC.,<br><br>Defendant. | No. 18-cv-5452<br><br>Judge Joan H. Lefkow |
| UNITED STATES, *ex rel.* ELMER MOSLEY,<br><br>Plaintiff,<br><br>v.<br><br>WALGREEN CO.,<br><br>Defendant. | No. 22-cv-6052<br><br>Judge Joan H. Lefkow |

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* K&V GROUP, LLP and on behalf of the STATE of FLORIDA,<br><br>        Plaintiffs,<br><br>v.<br><br>WALGREENS BOOTS ALLIANCE, INC., *et. al.*,<br><br>        Defendants. | No. 22-cv-6366<br><br>Judge Joan H. Lefkow |
| UNITED STATES OF AMERICA, *ex rel.* PATRICK AWA,<br><br>        Plaintiff,<br><br>v.<br><br>WALGREENS CO., *et al.*,<br><br>        Defendants. | No. 23-cv-1617<br><br>Judge Joan H. Lefkow |

## MOTION FOR REASSIGNMENT BASED ON RELATEDNESS

Walgreens Boots Alliance, Inc., ("Walgreens"), Stefano Pessina, Rosalind G. Brewer, Ginger Graham, Timothy C. Wentworth, James Kehoe, and Manmohan Mahajan (the "Individual Defendants", and together with Walgreens, the "Defendants"), pursuant to Northern District of Illinois Local Rule 40.4, respectfully request that this Court find that the lawsuit captioned *Klein v. Walgreens Boots Alliance, Inc., et al.*, Case No. 25-cv-01058 (the "Klein Action"), currently pending before Judge Jeffrey I. Cummings, is related to the above-captioned action and that it is appropriate for the Klein Action to be reassigned to this Court's calendar.[1]

## INTRODUCTION

On September 3, 2024, the U.S. Department of Justice (the "DOJ") elected to intervene in

---

[1] Before filing this motion, Defendants' counsel contacted Plaintiff's counsel in the Klein Action to provide them with notice that Defendants would be seeking reassignment to this Court.

2

part in four separate *qui tam* cases that were previously consolidated in this District. Following the DOJ's decision to intervene, Chief Judge Virginia M. Kendall took cases previously assigned to Judge Joan B. Gotschall, Judge Lindsay C. Jenkins, Judge Steven C. Seeger, and Judge Gary F. Feinerman and assigned all four cases to this Court. On January 16, 2025, the DOJ filed its complaint in intervention (the "DOJ Action") in the above-captioned action against Walgreens for alleged violations of the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. §§ 801-904 (the "Controlled Substances Act" or the "CSA") and the False Claims Act, 31 U.S.C. §§ 3729-33 (the "FCA").

The four *qui tam* actions and the DOJ Action allege that from approximately August 2012 through the present, Walgreens violated the CSA and the FCA by knowingly dispensing invalid controlled-substance prescriptions and submitting claims for reimbursement for those prescriptions to federal health care programs. No answer or responsive pleading has been filed in the consolidated action. A status conference is scheduled to be held on May 21, 2025.

Two weeks after the DOJ Complaint was filed, on January 30, 2025, Plaintiff Steven Klein filed a purported class action lawsuit against Defendants on behalf of a class of all persons or entities other than Defendants who purchased or otherwise acquired Walgreens common stock between April 2, 2020 and January 16, 2025, alleging violations of Section 10(b) and Rule 10b-5 and Section 20(a) of the Securities Exchange Act. The Klein Action involves claims directly related to the allegations made in the DOJ Action. Among other things, Klein alleges:

> Defendants made false and/or misleading statements and/or failed to disclose that (i) contrary to [Walgreens'] purported commitment to improved regulatory compliance, Walgreens continued to engage in widespread violations of federal law governing the dispensation of prescription medication and reimbursement for the same; (ii) the foregoing conduct, when revealed, would subject Walgreens to a heightened risk of further regulatory scrutiny, civil liability, and reputational harm; (iii) Walgreens' revenues from the sale of prescription medications were unsustainable to the extent that they

were derived from unlawful conduct; and (iv) as a result, [Walgreens'] public statements were materially false and misleading at all relevant times.

Klein Compl. ¶ 7.[2]

The Klein Complaint and the DOJ Complaint involve some of the same underlying facts and circumstances and make substantially similar allegations as to numerous issues, including Walgreens' regulatory compliance, its dispensing practices, and its policies and procedures to combat opioid abuse. *See, e.g.*, Klein Compl. ¶¶ 6-8, 38, 47, 49, 55, 57, 73-75; DOJ Compl. ¶¶ 176, 317-79.[3] The Klein Complaint was filed in direct response to the DOJ Action and alleges that Walgreens shareholders were damaged when the DOJ Action was announced, purportedly causing Walgreens' stock price to decline. Klein Compl. ¶ 9.

Like the DOJ Action, the Klein Action is in its earliest stages and no responsive pleading has been filed. Indeed, Lead Counsel and Lead Plaintiff have not yet been appointed under the Private Securities Litigation Reform Act (the "PSLRA"). *See* 15 U.S.C. §§ 77z-1(a)(3), 78u-4(a)(3). Judge Cummings has scheduled an initial status hearing for April 14, 2025.

Because the DOJ Action and the Klein Action are directly related, the handling of both cases by this Court is likely to result in a substantial saving of judicial time and effort. Defendants respectfully request this Court find that the Klein Action is related to this action and should be reassigned to this Court.

## ARGUMENT

### I. The Standard for Reassignment

Local Rule 40.4 permits any party to request reassignment of cases that the Court finds are

---

[2] "Klein Complaint" and "Klein Compl" mean the Complaint filed on January 30, 2025 in the Klein Action. *See* Compl., No. 25-cv-01058 (N.D. Ill. Jan. 30, 2025), ECF No. 1. A copy of the Klein Complaint is attached hereto as Exhibit A.

[3] "DOJ Complaint" and "DOJ Compl." mean the Complaint in Intervention filed on January 16, 2025 in the DOJ Action. *See* Compl. in Intervention, No. 18-cv-5452 (N.D. Ill. Jan. 16, 2025), ECF No. 58.

related and satisfy certain conditions for reassignment. L.R. 40.4. Under Local Rule 40.4, two civil cases may be deemed related if one or more of the following conditions are met: "(1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same." L.R. 40.4(a).

Once two cases are determined to be related, the later-filed related case may be reassigned to the calendar of the judge in the earlier-filed case if the following criteria are met: "(1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding." L.R. 40.4(b).

## II. The Cases Are Related Under Local Rule 40.4(a)

Rule 40.4(a)'s conditions to deem the Klein Action related to this action are satisfied here. The Klein Action alleges that Defendants made misrepresentations and/or omissions concerning Walgreens' conduct in addressing opioid misuse and abuse and compliance with the CSA and the FCA. According to the Plaintiff in the Klein Action, when the DOJ announced the DOJ Action, claiming that Walgreens had "knowingly filled millions of prescriptions that lacked a legitimate medical purpose," the "truth" of Walgreens' prior misstatements "emerged," causing Walgreens' stock price to drop. *See* Klein Compl. ¶¶ 74-77. The Klein Complaint relies heavily on the allegations in the DOJ Action, quoting extensively from the DOJ Complaint and the press release the DOJ issued to announce the DOJ Action. *See* Klein Compl. ¶¶ 74, 75.

A review of the Complaints in the Klein Action and the DOJ Action makes clear that the two cases "involve some of the same issues of fact" and "grow out of [some of] the same

5

transaction[s] or occurrence[s]." As a threshold matter, both actions involve allegations related to Walgreens' compliance with the CSA and the FCA. In addition, both actions raise factual allegations related to: (1) Walgreens' "Department of Pharmaceutical Integrity" and compliance efforts, *compare* Klein Compl. ¶¶ 6, 75 *and* DOJ Compl. ¶¶ 176, 277-315; (2) how Walgreens' pharmacists dispensed prescriptions for controlled substances, *compare* Klein Compl. ¶¶ 7, 47, 57, 73, 74 *and* DOJ Compl. ¶¶ 317-431; (3) Walgreens' compliance with its "Good Faith Dispensing Policy," *compare* Klein Compl. ¶¶ 47, 57, 75 *and* DOJ Compl. ¶¶ 178-214, 221, 232-235, 242-244, 249, 273, 280-285, 314, 334, 358; and (4) Walgreens' use of certain technology to assist its pharmacists in dispensing legitimate prescriptions, *compare* Klein Compl. ¶¶ 49, 55 *and* DOJ Compl. ¶¶ 310-14, 324, 338, 389-92.

Due to the overlapping factual allegations in the two actions and because the Klein Action expressly alleges that it was the filing of the DOJ Action that revealed the alleged falsity of Walgreens' disclosures during the purported class period, the actions are clearly related.

Accordingly, this action and the Klein Action meet the conditions to be deemed related under Local Rule 40.4(a).

## III. The Cases Meet the Conditions for Reassignment Under Local Rule 40.4(b)

In addition to satisfying the relatedness requirement, this action and the Klein Action also meet all of the conditions for reassignment under Local Rule 40.4(b).

First, both cases are pending in this Court. *See* L.R. 40.4(b)(1); *see also* DOJ Compl.; Klein Compl.

Second, the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort. L.R. 40.4(b)(2). This Court is already handling the *qui tam* actions and the DOJ Action relating to Walgreens' conduct in dispensing controlled substance prescriptions. Because both actions involve overlapping underlying allegations and the Klein

6

Action was filed in direct response to the DOJ Action, judicial time and resources will be conserved if this Court handles both cases, rather than requiring a second judge to expend time and resources to gain familiarity with these issues.

Third, this action has not progressed to the point where reassigning the Klein Action would substantially delay the proceedings in this action. L.R. 40.4(b)(3). Although the earliest *qui tam* action in this consolidated case was filed in 2018, the DOJ did not file its complaint in intervention until January 16, 2025, no responsive pleading has been filed, and a status conference is not scheduled until May 21, 2025. The Klein Action was just filed on January 30, 2025 and motions for the appointment of Lead Plaintiff and Lead Counsel under the PSLRA are not due until March 31, 2025. Thus, reassigning the Klein Action would not impact the progress of either case.

Fourth, although Defendants are not seeking it here, because of the close relationship between the two cases, both cases could be susceptible to disposition in a single proceeding. Reassignment of a case should not be conflated with consolidation. *Helferich Pat. Licensing, L.L.C. v. New York Times Co.*, No. 1:10-CV-04387, 2012 WL 1368193, at *3 (N.D. Ill. Apr. 19, 2012). As the court in *Helferich* explained, "[r]eassignment does not require that the two cases be bound together, proceeding in unison for all purposes. In fact, reassignment does not even require the eases [*sic*] to be disposed of at the same time; they merely need to be *susceptible* to disposition at the same time." *Id.* (citing L.R. 40.4(b)(4)) (emphasis in the original). As explained above, here, the two cases involve substantially overlapping factual allegations and may involve similar defenses. *See supra* Section II.

Accordingly, this action and the Klein Action meet all of the conditions for reassignment under Local Rule 40.4(b).

## **CONCLUSION**

WHEREFORE, Defendants respectfully request that this Court enter an order pursuant to

Local Rule 40.4 finding that the lawsuit captioned *Klein v. Walgreens Boots Alliance, Inc., et al.*, Case No. 25-cv-01058 is related to the case at bar and should be reassigned to this Court.

| | |
|---|---|
| Dated: February 24, 2025 | **WALGREENS BOOTS ALLIANCE, INC., STEFANO PESSINA, ROSALIND G. BREWER, GINGER GRAHAM, TIMOTHY C. WENTWORTH, JAMES KEHOE, AND MANMOHAN MAHAJAN,** |
| | By: */s/ Renato Mariotti* |
| | Renato Mariotti, ARDC No. 623198<br>PAUL HASTINGS LLP<br>71 South Wacker Drive, 45th Floor<br>Chicago, Illinois 60606<br>Tel: (312) 499-6000<br>Fax: (312) 499-6100<br>Email: renatomariotti@paulhastings.com |
| | *Counsel for Walgreens Boots Alliance, Inc., Stefano Pessina, Rosalind G. Brewer, Ginger Graham, Timothy C. Wentworth, James Kehoe, and Manmohan Mahajan* |

# CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of February, 2025, I electronically filed the foregoing Motion for Reassignment Based on Relatedness with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to counsel of record.

I further certify that on the 24th day of February, 2025, I served a copy of the foregoing Motion for Reassignment Based on Relatedness on the following counsel of record in *Klein v. Walgreens Boots Alliance, Inc., et al.*, Case No. 25-cv-01058 via First Class Mail, postage prepaid, and e-mail:

> Jeremy Alan Lieberman
> J. Alexander Hood, II
> Pomerantz LLP
> 600 Third Avenue
> 20th Fl
> New York, NY 10016
> jalieberman@pomlaw.com
> ahood@pomlaw.com
>
> Joshua B. Silverman
> Pomerantz LLP
> 10 S La Salle Street, Suite 3505
> Chicago, IL 60603-1049
> jbsilverman@pomlaw.com

                                                                 */s/ Renato Mariotti*