# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| United States of America, and the States of North Carolina and Tennessee, et al, *ex rel.* T.J. Novak, <br><br> Plaintiffs-Relator, <br><br> v. <br><br> Walgreens Boots Alliance, Inc., <br><br> Defendant. | Case No. 18 C 5452 <br><br> Judge Joan H. Lefkow |

## THE STATE OF COLORADO'S OPPOSITION TO RELATOR NOVAK'S MOTION FOR A DECLARATORY JUDGMENT

The State of Colorado opposes Relator's Motion for a Declaratory Judgment [ECF No. 84] as follows.

1. The State of Colorado joins in and incorporates herein by reference the State of North Carolina's and the State of Tennessee's Opposition to Relator Novak's Motion for a Declaratory Judgment.

2. The State of Colorado further opposes Relator's Motion for a Declaratory Judgment based on the following Colorado-specific facts:

The Walgreen's opioid Settlement Agreement was implemented in Colorado through a Complaint filed, and a Consent Judgment entered, in Colorado state court. Specifically, the State of Colorado District Court, City and County of Denver entered a Final Consent Judgment on November 21, 2023, approving the

Walgreen's Settlement Agreement (the "Colorado Consent Judgment"). A copy of the Colorado Consent Judgment (without exhibits) is attached as **Exhibit A** hereto.

The Colorado Consent Judgment expressly approves the Walgreen's Settlement Agreement and states that the Walgreen's Settlement Agreement "shall become effective by its terms upon entry of this Final Consent Judgment. . . ." *See* **Exhibit A,** p. 4, paras. 5 and 8).

The Walgreen's Settlement Agreement provides that each participating state will develop its own consensual or statutory approach for allocating settlement funds within the state. *See* Walgreen's Settlement Agreement, Section V.D.1-2 and Exhibit O. The State of Colorado and its local subdivisions reached an agreement governing the allocation and use of opioid settlement funds in Colorado, including opioid settlement funds received under the Walgreen's Settlement Agreement, which is memorialized in the Colorado Opioids Settlement Memorandum of Understanding dated August 21, 2021 (the "Colorado MOU"). A copy of the Colorado MOU (without exhibits B-G) is attached as **Exhibit B** hereto. The Colorado MOU is incorporated into the Walgreen's Settlement Agreement pursuant to Exhibit O of the Walgreen's Settlement Agreement.

The Colorado Consent Judgment approves and expressly incorporates the Colorado MOU, and states that the Colorado MOU is "the means by which relevant funds paid pursuant to the [Walgreen's Settlement] Agreement will be divided

within the State pursuant to the formula(s) detailed in the Colorado MOU . . . ." *See* **Exhibit A**, p.4 at para. 8.

> The Colorado MOU provides that:
>
> - 60 % of opioid settlement funds are allocated and distributed to19 geographic Regions comprised of Colorado local governments;
> - 20% of opioid settlement funds are allocated and distributed directly to Colorado local governments;
> - 10 % of opioid settlement funds are allocated and distributed to the State of Colorado; and
> - 10% of opioid settlement funds are allocated to a Statewide Infrastructure Share for specific opioid abatement projects.

*See* **Ex. B**, p. 3, para. 2, and 2(a)-(d).

The Colorado MOU limits the use of any opioid settlement funds received by Colorado. The MOU states "All Opioid Funds, regardless of allocation, shall be used for Approved Purposes". "Approved Purposes" are those listed in Exhibit A to the Colorado MOU. "Approved Purposes" do not include payments to state Medicaid funds or to the Relator. *See* **Exhibit B**, p. 3, para. 4, and Exhibit A.[1]

Neither the Colorado Consent Judgment nor the Colorado MOU permit any portion of opioid settlement funds received by Colorado, including settlement funds paid under the Walgreen's Settlement Agreement, to be used to make any payment to Colorado's Medicaid funds, or to the Relator.

---

[1] The same list of Approved Purposes is Exhibit E to the Walgreen's Settlement Agreement.

For the reasons set forth in the State of North Carolina's and the State of Tennessee's Opposition to Relator Novak's Motion for a Declaratory Judgment, and the Colorado-specific reasons set forth above, Colorado requests that this Court enter an Order denying Relator's Motion for a Declaratory Judgment.

Dated: January 30, 2026  Respectfully submitted,

        PHILIP J. WEISER
        Attorney General

        s/ Leslie A. Eaton
        LESLIE A. EATON
        Senior Counsel
        1300 Broadway, 10th Floor
        Denver, CO 80203
        (720) 508-6000
        (720) 508-6040 (fax)
        Leslie.Eaton@coag.gov
        ***Counsel of Record for the State of Colorado***