IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* T.J. NOVAK, | ) ) ) | |
| | ) | Case No. 18 C 5452 |
| Plaintiffs-Relator, | ) ) | |
| | ) | Judge Joan H. Lefkow |
| v. | ) ) | |
| WALGREENS BOOTS ALLIANCE, INC., | ) ) ) | |
| Defendant. | ) | |

**PLAINTIFF-RELATOR'S MOTION TO CORRECT AND
SUPPLEMENT HIS MOTION FOR DECLARATORY
JUDGMENT WITH RESPECT ONLY TO FLORIDA**

1. In his pending Motion for a Declaratory Judgment That Relator is Entitled to a Share of the States' Settlement With Walgreens That Settled Relator's State FCA Claims [D.E. 84], Plaintiff-Relator ("Relator") indicated that Florida was included among the states that entered into the multi-state settlement with Walgreens (the "States' Settlement"). Relator's motion for declaratory judgment seeks a share of the portion of that States' Settlement that is attributable to the value provided to those states in exchange for the dismissal of Relator's claims in this case. Although Florida is listed in Exhibit F-1 to the States' Settlement agreement and allocated a "Global Allocation Percentage" of 7.0259134409%, further examination reveals that, in fact, Florida is excluded from the definition of "Eligible States," *See* States Settlement Agreement at I. Definitions, W. Eligible States. [D.E. 84-1, p. 5.][1]

2. Instead, Florida entered into its own settlement with Walgreens, and Walgreens received a credit in the States' Settlement Agreement, apparently, for a portion of the payments it

---

[1] Relator was alerted to this fact, and the error in his motion for declaratory judgment, by the office of Florida Attorney General, via email, on January 29, 2026.

4935-3805-6332

made to Florida under its separate settlement. *See* Florida's settlement agreement, a copy of which is attached hereto as Exhibit A, and the States' Settlement Agreement, at I. Definitions, CCCC. State Remediation Payment [D.E. 84-1, p. 13.]

3. Notably, like the states in the States' Settlement Agreement, Florida received money from Walgreens in exchange for, among other things, the dismissal of Relator's qui tam claims in this case. Indeed, Florida was included in the dismissal order for Relator's claims entered by this Court. Even though Florida is not a part of the States' Settlement which is the subject of Relator's motion for declaratory judgment, Florida is part of a separate settlement that has precisely the same effect on Relator. All the arguments that Relator has set forth in his pending motion for a share of the States' Settlement apply equally to the Florida settlement in precisely the same way.

4. There is no reason to delay briefing or a decision based on this correction and supplement. Relator apologizes to the Court and the parties for this oversight.

Dated: February 2, 2026

Respectfully submitted,

PLAINTIFF-RELATOR T.J. NOVAK

By: /s/ *David J. Chizewer*
       One of His Attorneys

Michael C. Rosenblat
ROSENBLAT LAW
707 Skokie Boulevard, Suite 600
Northbrook, Illinois 60062
(847) 480-2390
mike@rosenblatlaw.com

David J. Chizewer
William C. Meyers
GOLDBERG KOHN LTD.
55 East Monroe Street, Suite 3300
Chicago, Illinois 60603
(312) 201-4000
david.chizewer@goldbergkohn.com
william.meyers@goldbergkohn.com

*Counsel for Plaintiff-Relator T.J. Novak*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on February 2, 2026, he caused a true and correct copy of **PLAINTIFF-RELATOR'S MOTION TO CORRECT AND SUPPLEMENT HIS MOTION FOR DECLARATORY JUDGMENT WITH RESPECT ONLY TO FLORIDA** to be served via the Court's ECF/electronic mailing system upon all counsel of record.

/s/ *David J. Chizewer*