UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America, and the States of California, Colorado, Connecticut, Delaware, Florida, Georgia, Hawaii, Illinois, Indiana, Iowa, Louisianna, Maryland, Massachusetts, Michigan, Minnesota Montana, Nevada, New Jersey, New Mexico, New York, North Carolina, Oklahoma, Rhode Island, Tennessee, Texas, Vermont, Virginia, and Washington, *ex rel*. T.J. Novak,<br><br>    Plaintiffs-Relator,<br><br> v.<br><br>Walgreens Boots Alliance, Inc.,<br><br>    Defendant. | Case No. 18-cv-5452<br><br>Judge Joan H. Lefkow<br><br>**STATE OF IOWA'S OPPOSITION TO RELATOR NOVAK'S MOTION FOR A DECLARATORY JUDGMENT** |

## INTRODUCTION

The State of Iowa is one of 28 sovereign states from which Relator T.J. Novak seeks a share of opioid settlement funds Walgreens agreed to pay to the State to resolve consumer fraud claims and for the sole purpose of abating the opioid crisis. These funds are required to be spent on opioid abatement by agreement of the parties, court order, and state law. Iowa, like each state Relator seeks opioid abatement funds from, has a unique statutory, contractual, and settlement framework directing how settlement funds from Walgreens, and other members of the national opioid supply chain, are to be distributed and spent in the State. No opioid remediation funds have been used to reimburse Iowa Medicaid for any fraud alleged by Relator, nor may funds be used to pay a Relator's share of any opioid settlement. Iowa opposes this effort by Relator to receive a substantial, unearned windfall from opioid abatement funds earmarked to prevent and treat opioid misuse and addiction and save and improve the lives of Iowans affected by the opioid crisis. For

1

the reasons set forth more fully below, and in the opposition briefs filed by North Carolina and Tennessee and California, this Court should deny Relator's Motion for a Declaratory Judgment [ECF No. 84] in its entirety.

## ARGUMENT

**I.     JOINDER AND INCORPROATION OF OTHER OPPOSITION BRIEFS.**

The State of Iowa joins in and incorporates herein by reference the joint Opposition to Relator Novak's Motion for a Declaratory Judgment filed by the States of North Carolina and Tennessee and California's Opposition to Plaintiff-Relator's Motion for a Declaratory Judgment that Relator is Entitled to a Share of the State of California's Opioid Abatement Settlement.[1]

**II.    DISTRIBUTION AND USE OF OPIOID ABATEMENT FUNDS IN IOWA.**

The distribution and use of Iowa's opioid abatement funds are governed by three things: (1) the Consent Judgment between the State of Iowa and Walgreens, entered in the Iowa District Court for Polk County on December 4, 2023 (attached hereto as Exhibit A); (2) the Iowa Opioid Allocation Memorandum of Understanding ("MOU"), signed in December 2021 (attached hereto as Exhibit B), which governs distribution of opioid abatement settlement funds between the State of Iowa and its participating local governments; and (3) Iowa Code § 12.51, which created the Iowa Opioid Settlement Fund ("OSF") and gave the legislature the power to appropriate opioid abatement funds from the OSF. Each of these explicitly requires opioid settlement funds to be spent solely on remediation of the opioid crisis in Iowa, consistent with the terms of the national opioid settlement agreements. None of these allocate any opioid settlement funds to Iowa Medicaid or permit the payment of any opioid settlement funds to the Relator.

---

[1] Because Iowa's False Claims Act contains an alternate remedy provision, Iowa Code § 685.3(3)(e), Iowa does not incorporate sections II.A-B of California's brief.

### A. The Iowa Petition and Consent Judgment.

The State of Iowa, by and through its Attorney General, Brenna Bird, filed a Petition and Proposed Consent Judgment with Walgreens with the Iowa District Court for Polk County on November 3, 2023. *See*, *State of Iowa ex rel. Brenna Bird v. CVS Pharmacy, Inc., Walgreen Co., and Walmart, Inc.,* Iowa District Court for Polk County, EQCE089557. The court entered the Consent Judgment on December 4, 2023. *See*, Ex. A. The Consent Judgment specifically incorporates the terms of the Walgreens Settlement Agreement, including that in the event of any conflict between the Consent Judgment and the Walgreens Settlement Agreement, the terms of the Walgreens Settlement Agreement shall govern. Ex. A, Order ¶ 2. The Consent Judgment dismissed the State's claims against Walgreens with prejudice. *Id.* at ¶ 6.

The Consent Judgment further incorporated the Iowa Memorandum of Understanding ("MOU"), which governs the distribution of funds between Iowa and its local governments and is also incorporated into the Walgreens Settlement Agreement pursuant to Exhibit O thereto. *Id*. at ¶ 8. The Court specifically approved the MOU "as the means by which relevant funds paid pursuant to the [Walgreens Settlement Agreement] will be divided within the State, provided that any Subdivision receiving such funds executes a Subdivision Participation Agreement accepting the terms of the [Walgreens Settlement Agreement], including the releases provided therein." *Id*. Thus, to receive opioid abatement funds, Iowa local governments had to relinquish any claims they may have had against Walgreens as well. Neither the Consent Judgment nor the Walgreens Settlement Agreement permit any payment to Iowa Medicaid or the Relator.

### B. The Iowa Memorandum of Understanding.

The Iowa MOU was signed by the Iowa Attorney General on December 7, 2021, and subsequently by each of the Participating Local Governments. Ex. B at p. 7. The Iowa MOU was agreed upon prior to the first wave of opioid settlements and is intended to control the distribution

3

and use of all opioid settlement funds in the State. Per its terms, and the Consent Judgment, the Iowa MOU governs the distribution and use of all opioid settlement funds received from Walgreens by the State of Iowa and its local governments. *See*, *generally*, Exs. A & B.

The Iowa MOU allocates 50% of opioid settlements funds to the State of Iowa (the "Iowa Abatement Share") and 50% of opioid settlement funds to Participating Local Governments (the "LG Abatement Share"). Ex. B at B.1. The LG Abatement Share is distributed to Iowa counties on a pro rata basis. Ex. B at B.4. The MOU requires Participating Local Governments that receive a share of Iowa's opioid settlement funds to create a separate fund on their financial books called the "LG Abatement Fund," and such funds may not be commingled with any other local government funds. Ex. B at C.1. The MOU requires that the State and local governments spend 100% of their opioid settlement funds for Opioid Related Expenditures, as set forth in Exhibit 1 to the MOU, with 2.5% allotted to administrative costs for Opioid Related Expenditures. Ex. B at B.8-9. "Opioid Related Expenditures" do not include payments to Iowa Medicaid fund or to the Relator. Like the Consent Judgment and Walgreens Settlement Agreement, the MOU does not permit any portion of Iowa's opioid settlement funds to be used to make payments to Iowa Medicaid, the Relator, or any purpose other than abating the opioid crisis in Iowa.

    C.    **The Iowa Opioid Settlement Fund.**

In 2022, the Iowa legislature passed Iowa Code § 12.51, which created the Iowa Opioid Settlement Fund for all opioid settlement funds received by the State after the effective date of July 1, 2022. Pursuant to the statute, the State portion of all opioid settlement money placed in the Opioid Settlement Fund, which is separate and distinct from general fund or any other fund of the State. Iowa Code § 12.51(2)(a)-(b)(1); (6)(c). The statute further states, "[m]oneys in the fund shall not be transferred, used, obligated, appropriated, or otherwise encumbered except as provided in

4

this section." Iowa Code § 12.51(3)(a). And, "[m]oneys in the fund shall only be used for purposes of abating the opioid crisis in this state…" Iowa Code § 12.51(3)(b).

In 2025, the legislature amended the statute to appropriate 75% of the money in the opioid settlement fund to the Iowa Department of Health and Human Services and 25% of the funds to the Iowa Department of Justice from July 1, 2025 to June 30, 2030 "for purposes of abating the opioid crisis in this state." Iowa Code § 12.51(2)(b)(2)(a). Iowa HHS and the Department of Justice are required to "disburse moneys appropriated…in accordance with the national opioid settlement agreements and this section." Iowa Code § 12.51(3)(b). Iowa HHS and the Department of Justice are further required to submit an annual report to the legislature regarding use of the opioid settlement funds by November 1 of each year. Iowa Code § 12.51(3)(d). The Iowa legislature did not appropriate any money from the Opioid Settlement Fund to Iowa Medicaid, nor are any funds allowed to be disbursed to the Relator pursuant to Iowa law.

## III. THE COURT SHOULD DECLINE SUPPLEMENTAL JURISDICTION OVER NOVEL CLAIMS ARISING UNDER IOWA LAW.

As set forth more fully in the North Carolina and Tennessee's joint Opposition Brief, this Court should decline to exercise supplemental jurisdiction over Relator's claim to an alternate remedy of Iowa's share of the Walgreens opioid abatement settlement because the only possible claims that remain in this action are novel claims of state law. No Iowa court has interpreted the alternate remedy provision of the Iowa False Claims Act, which governs any attempt by Relator to recover funds from Iowa. Iowa Code § 685.3(3)(e). Novel interpretations and applications of Iowa law should be left to Iowa Courts. This Court should decline supplemental jurisdiction over such claims, which would necessarily include making novel interpretations of the Iowa False Claims Act.

5

## **CONCLUSION**

For the reasons stated herein, the State of Iowa respectfully requests that this Court deny Relator's Motion for Declaratory Judgment.

Dated: February 3, 2026            Respectfully submitted,

                                                BRENNA BIRD
                                                ATTORNEY GENERAL OF IOWA

                                 By:    /s/ William R. Pearson
                                                William R. Pearson
                                                Assistant Attorney General
                                                Consumer Protection Division
                                                1305 E. Walnut, 2nd Floor
                                                Des Moines, IA 50319
                                                (515) 242-6773
                                                william.pearson@ag.iowa.gov
                                                *Counsel for the State of Iowa*

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on February 3, 2026, he caused a true and correct copy of **STATE OF IOWA'S OPPOSITION TO RELATOR NOVAK'S MOTION FOR A DECLARATORY JUDGMENT** to be served via the Court's ECF/electronic mailing system upon all counsel of record.

/s/ William R. Pearson