UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America, and the States of North Carolina and Tennessee, et al, *ex rel*. T.J. Novak, <br><br> Plaintiffs-Relator, <br><br> v. <br><br> Walgreens Boots Alliance, Inc., <br><br> Defendant. | Case No. 18 C 5452 <br><br> Judge Joan H. Lefkow |

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF STATE OF NORTH CAROLINA'S AND STATE OF TENNESSEE'S JOINT OPPOSITION TO RELATOR NOVAK'S MOTION FOR A DECLARATORY JUDGMENT**

Pursuant to Rule 201 of the Federal Rules of Evidence, the State of North Carolina and the State of Tennessee hereby request the Court take judicial notice of the following adjudicative facts and documents in connection with their contemporaneously filed Joint Response to Relator's Motion for Declaratory Judgment.

**Standard & Permissible Use of the Documents**

Rule 201 allows this Court to "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). If the Court is satisfied that it has been "supplied with the necessary information" demonstrating that requested facts are "not subject to reasonable dispute," then it "must take judicial notice" of them. Fed. R. Evid. 201(d).

"Judicial notice is based on the concept that there are certain facts or propositions which will be taken as true without requiring a party to prove them with evidence." *Wesley-Jessen Div. of Schering Corp. v. Bausch & Lomb Inc.*, 698 F.2d 862, 865 (7th Cir. 1983). In addition, courts

"routinely take judicial notice of the actions of other courts or the contents of filings in other courts." *Daniel v. Cook County*, 833 F.3d 728, 742 (7th Cir. 2016). Courts may take judicial notice when evaluating the validity of a relator's claim like the one raised in the instant case. *See Cause of Action v. Chi. Transit Auth.*, 815 F.3d 267, 277 n.13 (7th Cir. 2016) (taking judicial notice to evaluate a question of the public disclosure bar).

**Description of Documents for Which Judicial Notice is Sought**

Each document described below is appended as an Exhibit to this Request corresponding to the letter below. These documents consist of publicly available news articles, press releases from federal agencies, and various court filings and are "not subject to reasonable dispute," particularly relating to their existence and content. Fed. R. Evid. 201(b). This court has specifically taken judicial notice of such types of documents "for the fact that certain information was publicly disclosed" when evaluating questions of the public disclosure bar. *United States ex rel. Akeel & Valentine, PLC v. Napleton Auto Grp., Inc.*, Case No. 24 CV 00047, 2025 WL 2930796, at *6 (N.D. Ill. Oct. 15, 2025)

1. **Exhibits A1 – A5**: True and correct copies of news articles, investigative reports and coverage by national media, published prior to the time Relator filed suit in August 2018, that put into the public domain allegations of the failures of manufacturers, distributors, and pharmacy chains to maintain effective controls against opioid diversion.

> **Exhibit A-1**: A true and correct copy of an article from the West Virginia Gazette, dated January 29, 2018, available at https://tinyurl.com/sv5z58tt, and last accessed on February 2, 2026.
>
> **Exhibit A-2**: A true and correct copy of an article from the Washington Post, dated December 30, 2012, available at https://tinyurl.com/3879d4z9, and last accessed on February 2, 2026.
>
> **Exhibit A-3**: A true and correct copy of a posting on www.drugchannels.net, dated September 18, 2012, available at https://tinyurl.com/5n8fwy5x, and last accessed on February 2, 2026.

2

**Exhibit A-4**: A true and correct copy of a posting on www.statnews.com, dated December 22, 2015, available at https://tinyurl.com/296jn6r8, and last accessed on February 2, 2026.

**Exhibit A-5**: A true and correct copy of an article posted on www.vox.com, dated October 1, 2015, available at https://tinyurl.com/3cev9zh5, and last accessed on February 2, 2026.

2. **Exhibit B**: A true and correct copy of the Immediate Suspension Order ("ISO") from the United States Drug Enforcement Administration ("DEA"), shutting down Walgreens' Jupiter, Florida, Distribution Center, dated September 13, 2012.

3. **Exhibit C**: A true and correct copy of the DEA press release dated June 6, 2013, announcing its settlement with Walgreens for $80 million in civil penalties following the issuance of the ISO. This release is also available at https://tinyurl.com/3ea4j7sd, and was last accessed on February 3, 2026.

4. **Exhibit D**: A true and correct copy of a civil complaint by the State of Delaware against Walgreens, filed on January 19, 2018, before Relator's *qui tam* lawsuit, alleging public-nuisance and consumer-protection claims based on the same core factual allegations later repeated in the Relator's complaint. The complaint is also electronically available at https://tinyurl.com/575dfzk8, and was last accessed on February 2, 2026.

5. **Exhibit E**: A true and correct copy of a civil complaint by the State of Kentucky against Walgreens, filed on June 14, 2018, before Relator's *qui tam* lawsuit, asserting consumer protection, public nuisance, and Medicaid fraud claims (among others) based on Walgreens' distribution and dispensing of opioids, and specifically alleging that Walgreens' pharmacists blatantly ignored red flags based on the DEA's findings from Florida.

7. **Exhibit F**: A true and correct copy of an April 17, 2018 press release from the DEA announcing it had shared opioid transaction data from its Automation of Reports and Consolidated Orders System (ARCOS) with state attorneys general, before Relator filed suit in

3

August 2018. The release is also available at https://tinyurl.com/ye53z9p5, and was last accessed on February 3, 2026.

8. **Exhibit G**: A true and correct copy of the first global opioid abatement settlements, excluding exhibits, with the nation's three largest pharmaceutical distributors resulting from opioid investigations and litigation by a nationwide coalition of state attorneys general that was announced in July 2021. The agreement is also available at https://tinyurl.com/yc4jyjaf, and was last accessed on February 3, 2026.

9. **Exhibit H**: A true and correct copy of the Walgreens Settlement Agreement ("Agreement"), from which Relator seeks to recover, dated December 9, 2022.

10. **Exhibits I-1 and I-2**: A true and correct copy of the North Carolina Supplemental Agreement for Additional Funds From Additional Settlements of Opioid Litigation ("SAAF"), which governs North Carolina's intrastate allocation of Walgreens Settlement Agreement proceeds, dated February 12, 2023 (Ex. I-1), and a true and correct copy of the Memorandum of Agreement Between the State of North Carolina and Local Governments on Proceeds Relating to the Settlement of Opioid Litigation, which is incorporated by reference into the SAAF, dated April 30, 2021 and incorporating July 2023 technical revisions (Ex. I-2).

11. **Exhibit J**: A true and correct copy of the Tennessee State-Subdivision Agreement, available at https://tinyurl.com/3rve8bep, and last accessed on February 2, 2026.

12. **Exhibit K**: A true and correct copy of the State of North Carolina's Consent Judgment, as signed and entered by the Wake County Superior Court, dated November 3, 2023.

13. **Exhibit L**: A true and correct copy of the State of Tennessee's Consent Judgment, Knox County Circuit Court, dated January 4, 2024.

Dated: February 3, 2026          Respectfully submitted,

                                         STATE OF NORTH CAROLINA
                                         JEFF JACKSON, ATTORNEY GENERAL

By:    /s/ Daniel P. Mosteller
        Daniel P. Mosteller
        Associate Deputy Attorney General
        N.C. State Bar No. 36958
        (919) 716-6026
        dmosteller@ncdoj.gov

        Allyson S. Barkley
        Chief Deputy Fellow
        N.C. State Bar No. 63780
        (919) 716-0151
        abarkley@ncdoj.gov

        North Carolina Department of Justice
        Post Office Box 629
        Raleigh, North Carolina 27602
        *Counsel for the State of North Carolina*

        STATE OF TENNESSEE
        JONATHAN SKRMETTI, ATTORNEY GENERAL

By:    s/ Kevin M. Kreutz
        Kevin M. Kreutz, BPR No. 040686
        Deputy Attorney General
        Office of the Tennessee Attorney General
        P.O. Box 20207
        Nashville, TN 37202-0207
        Phone: (615) 313-0694
        kevin.kreutz@ag.tn.gov

        Taylor Davidson, BPR No. 038514
        Assistant Attorney General
        Office of the Tennessee Attorney General
        P.O. Box 20207
        Nashville, TN 37202-0207
        Phone: (615) 532-7404
        taylor.davidson@ag.tn.gov

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on February 3, 2026, he caused a true and correct copy of **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF STATE OF NORTH CAROLINA'S AND STATE OF TENNESSEE'S JOINT OPPOSITION TO RELATOR NOVAK'S MOTION FOR A DECLARATORY JUDGMENT** to be served via the Court's ECF/electronic mailing system upon all counsel of record.

By: /s/ Daniel P. Mosteller
Daniel P. Mosteller
Associate Deputy Attorney General
N.C. State Bar No. 36958
(919) 716-6026
dmosteller@ncdoj.gov