UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, and the STATES OF CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, IOWA, LOUISIANA, MARYLAND, MASSACHUSETTS, MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW HAMPSHIRE, NEW JERSEY, NEW MEXICO, NEW YORS, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE TEXAS, VERMONT, VIRGINIA, and WASHINGTON, *ex rel*. T.J. NOVAK, | No. 18-CV-05452  HON. JOAN A. LEFKOW |
| Plaintiffs, | |
| v | |
| WALGREENS BOOTS ALLIANCE, INC., | |
| Defendant. | |

## STATE OF MICHIGAN'S RESPONSE TO RELATOR'S MOTION FOR DECLARATORY JUDGMENT (ECF 84)

### BACKGROUND

Michigan's case against Walgreens is unique among states. On December 17, 2019, Michigan Attorney General Dana Nessel filed an independent state-court action in Michigan's 3rd Circuit Court (Wayne County) against Walgreens Pharmacy, Cardinal Health, McKesson Inc., and AmerisourceBergen Inc. (now Cencora, Inc.). The complaint alleges that the defendants helped create and fuel the opioid crisis in Michigan by flooding the market with prescription pain pills and

for selling the drugs without adequate oversight, causing them to be easily diverted for illegal drug use. An amended complaint was filed on July 7, 2021. See Exhibit A. The claims for relief were (1) common law public nuisance, (2) statutory public nuisance under Mich. Comp. Laws § 600.3801, (3) liability under the Michigan's Drug Dealer Liability Act, Mich. Comp. Laws § 691.1613, and (4) negligence. See *id.*, pgs. 84-97. The complaint requested, among other things, abatement of the public nuisance created—it did not seek to recover losses to Michigan's Medicaid program. *Id.*

Michigan reached a settlement in principle with Walgreens in February 2023. Michigan finalized the settlement with Walgreens in June 2023. See Exhibit B. This settlement resulted in Michigan joining the Walgreens National Settlement and receiving additional payments of $138 million. See *id.*, pg. 6. In total, Michigan governments will receive approximately $338 million from Walgreens, paid in installments until 2040. See *id.*

Michigan's Opioid Abatement Settlement with Walgreens, like many of Michigan's opioid settlements, is distributed to both the State and Michigan counties, cities, and townships (Michigan local governments) who have chosen to participate. See Exhibit C. Michigan local governments will receive 50% of the Walgreens National Settlement payments, resulting in approximately $68 million for abatement. See "Walgreens National Payments", https://www.michigan.gov/ag/-/media/Project/Websites/AG/opioids/Opioid-Reporting-Form.xlsx. The State of Michigan will receive approximately $87 million from the Walgreens National

Settlement, and the additional $138 million of Walgreens payments resulting from Michigan's additional settlement. In total, the State of Michigan will receive approximately $203 million for opioid abatement funds. See *id.,* "Walgreens Michigan Payments" and "Walgreens National Payments". The Michigan Medicaid program does not receive any proceeds from Michigan's Opioid Abatement Settlement with Walgreens.

Importantly, Michigan's Attorney General does not control how these funds are used. All proceeds received by the State of Michigan are deposited into the Michigan Opioid Healing and Recovery fund. Mich. Comp. Laws § 12.253(2). Money from this fund must be appropriated by the Michigan Legislature. Mich. Const. art. 4, § 30. Further, none of these funds have been used to reimburse Michigan's Medicaid program for payments made to Walgreens for prescription opioid medication. See

https://www.michigan.gov/opioids/opioidsettlements/settlement-spending.

Money spent by Michigan local municipalities and by the State of Michigan has directly contributed to Michigan's comprehensive response to the opioid crisis. That response is saving lives—Michigan overdose deaths have declined for three consecutive years. See https://www.michigan.gov/mdhhs/inside-mdhhs/newsroom/2025/06/05/michigan-projects-third-consecutive-year-of-decline-in-opioid-overdose-deaths. Michigan continues to make investments in opioid abatement, utilizing opioid settlements to their fullest potential. See

https://www.michigan.gov/mdhhs/inside-mdhhs/newsroom/2025/11/06/opioids-budget.

## ARGUMENT

**I. Michigan did not pursue an alternate remedy under Michigan's False Claims Act and the Relator is not entitled to a share.**

Michigan's Medicaid False Claims Act (MFCA), Mich. Comp. Laws § 400.601 *et seq.*, is similar, but distinct from the Federal False Claims Act, 31 U.S.C. §§ 3729 *et seq.* Specifically, Michigan's alternate remedy provision provides clear guidance on what is to be considered an alternate remedy.

Michigan's alternate remedy provision, Mich. Comp. Laws § 400.610a(8), allows the Michigan Attorney General to pursue violations of the MFCA through any alternate remedy available to the State. However, to be considered an "alternate remedy", the Attorney General must pursue an action that is the same fraud or falsity as a violation of the MFCA. See *id.* (stating "the attorney general may pursue a violation of *this act* through any alternate remedy", *emphasis added*). Violations of the MFCA are provided in Mich. Comp. Laws §§ 400.603, 400.604, 400.605, 400.606, and 400.607. These sections cover false statements in application for Medicaid benefits (Mich. Comp. Laws § 400.603), kickbacks and bribes (Mich. Comp. Laws § 400.604), false statements for certification (Mich. Comp. Laws § 400.605), agreements to obtain payment of a false claim (Mich. Comp. Laws § 400.606), and making or presenting false claims (Mich. Comp. Laws § 400.607).

No Michigan courts have interpreted this provision of the MFCA. However, Federal courts agree that an alternate remedy must be comprised of the same fraud or falsity as a False Claims Act case. See, e.g., *U.S. ex rel. Kennedy v. Novo A/S*, 5 F.4th 47 (D.C. Cir. 2021). In *Novo*, the relator filed a Federal False Claims Act complaint against Novo Nordisk, claiming that the company caused submissions of false claims for the drug Victoza. The United States intervened and notified the Court that a settlement of the False Claims Act case had been reached. Novo Nordisk agreed to pay $46.5 million to resolve the case. Shortly after intervening, the United States filed a separate complaint against Novo Nordisk related to Victoza, but the claims were under the Food, Drug, and Cosmetic Act, 21 U.S.C. § 331 (FDCA). The United States resolved that case through a $12.15 million settlement. The relator filed a motion, claiming that she was entitled to a share of both the False Claims Act case and the FDCA case. The relator received an 18% share of the False Claims Act case, but nothing for the FDCA case. On appeal, the relator argued that the FDCA settlement was an alternate remedy within the False Claims Act, entitling her to a share. *Id.* at 51-54.

The Court held that the FDCA settlement was not an "alternate remedy" because it did not involve the type of claim covered by the False Claims Act. *Id.* at 54. The Court reasoned that an alternate remedy in the context of the False Claims Act is limited to the types of falsity and fraud that the False Claims Act identifies. *Id.* at 54-56. The Court found that limiting alternate remedies to the types of fraud and falsity in the False Claims Act is textually compelled and commonsensical. *Id.*

5

Similarly, the plain language of Michigan's alternate remedy provision requires the Michigan Attorney General to pursue the same type of fraud or falsity provided for in the MFCA. See Mich. Comp. Laws § 400.610a(8) (stating "the attorney general may pursue a violation of *this act* through any alternate remedy", *emphasis added*). Michigan's complaint against Walgreens is not comprised of the same type of fraud or falsity allegations found in the MFCA. The State of Michigan did not pursue any action akin to violations of these sections against Walgreens. The State of Michigan's complaint against Walgreens alleged: (1) common-law public nuisance, (2) statutory public nuisance under Mich. Comp. Laws § 600.3801, (3) liability under the Michigan's Drug Dealer Liability Act, Mich. Comp. Laws § 691.1613, and (4) common-law negligence. See Exhibit A, pgs. 84-97.

Because Michigan did not pursue a fraud or falsity claim in its complaint against Walgreens, an alternate remedy was not recovered under the MFCA. Therefore, the relator is not entitled to a share of Michigan's Opioid Abatement Settlement with Walgreens.

## II. Declaratory Motion is improper in this lawsuit.

For the sake of judicial economy and in an effort not to present redundant arguments to the Court, Michigan hereby adopts all of the arguments presented in the "Declaratory Motion is Improper in this Lawsuit" section of "State of North Carolina's and State of Tennessee's ("The States") Joint Opposition to Relator Novak's Motion for a Declaratory Judgment." (ECF 182.)

**III.     Statutory and Constitutional barriers prevent this Court from entering a Declaratory Judgment against the States.**

For the sake of judicial economy and in an effort not to present redundant arguments to the Court, Michigan hereby adopts all of the arguments presented in the "Statutory and Constitutional Barriers Prevent this Court from Entering a Declaratory Judgment Against the States" section of "State of North Carolina's and State of Tennessee's ("The States") Joint Opposition to Relator Novak's Motion for a Declaratory Judgment." (ECF 182.)

**IV.     Even if a Declaratory Judgment Motion is procedurally proper, the motion should be denied.**

For the sake of judicial economy and in an effort not to present redundant arguments to the Court, Michigan hereby adopts all of the arguments presented in the "Even if a Declaratory Judgment Motion is Procedurally Proper, the Motion Should be Denied" section of "State of North Carolina's and State of Tennessee's ("The States") Joint Opposition to Relator Novak's Motion for a Declaratory Judgment." (ECF 182.)

## CONCLUSION

For the reasons stated above, Michigan respectfully requests that this Honorable Court deny Relator's Motion for Declaratory Judgment (ECF 84) in its entirety.

                                                    Respectfully submitted,

/s/ Scott A. Mertens
Scott A. Mertens (P60069)
Matthew L. Walker (P75548)
David E. Tanay (P55654)
Attorneys for State of Michigan
Michigan Dep't of Attorney General
Corporate Oversight Division
P.O Box 30736
Lansing, MI 48909
(517) 335-7632
MertensS@michigan.gov
WalkerM30@michigan.gov
TanayD@michigan.gov

Dated: February 3, 2026

8