UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America, et al, *ex rel.* T.J. Novak, ) ) ) | |
| Plaintiffs-Relator, ) ) | Case No. 1:18-cv-05452 |
| v. ) ) | Hon. Joan H. Lefkow |
| Walgreens Boots Alliance, Inc., ) ) | |
| Defendant. ) ) | |

### STATE OF VERMONT'S OPPOSITION TO RELATOR NOVAK'S MOTION FOR A DECLARATORY JUDGMENT

The State of Vermont submits this opposition to Relator's Motion for a Declaratory Judgment that Relator is Entitled to a Share of the States' Settlement with Walgreens (ECF No. 84), pursuant to which he seeks a share of the State of Vermont's recovery in *State of Vermont v. CVS Pharmacy, Inc., et al.*, Docket No. 24-CV-00037 (Vt. Super. Ct.). For the reasons explained below and in the numerous briefs submitted by other states in opposition to the Relator's Motion, the Motion should be denied.

### FACTUAL AND LEGAL BACKGROUND

To avoid burdening the Court, this brief focuses solely on Vermont-specific information and otherwise incorporates by reference the Factual Background of the brief submitted to this Court by the States of North Carolina and Tennessee.[1]

On December 9, 2022, the State of Vermont, along with other states, entered into the

---

[1] ECF No. 182, PageID 7021–26.

Walgreens Settlement Agreement ("Agreement").[2] That Agreement, as subsequently updated by the parties,[3] resolved Vermont's claims against Walgreens in *State of Vermont v. CVS Pharmacy, Inc., et al.*, Docket No. 24-CV-00037 (Vt. Super. Ct.). A copy of the Second Amended Walgreens Consent Judgment and Dismissal with Prejudice, as entered by the Vermont Superior Court on June 18, 2024, is attached here as Exhibit 1.

The Agreement contains multiple provisions restricting most of the settlement funds to Opioid Remediation, a defined term. *See* Agreement §§ I.UU, V.B,[4] V.D.1–2, V.E.2.[5] The Agreement permits each state to develop its own approach for allocating its share of the settlement funds within the state and includes a default intrastate allocation provision if a state does not address allocation through a consensual agreement between the state and its subdivisions or statute. Agreement § V.E.2.[6] Vermont adopted the default provision, pursuant to which Vermont's subdivisions receive 15% of the Walgreens abatement funds, a specially created Opioid Abatement Special Fund ("Opioid Abatement Special Fund") receives 70%, and the remaining 15% of the settlement monies go to the State. The 15% allocated to the State is used to pay outside counsel and any remaining portion goes to the Opioid Abatement Special Fund. Exhibit E to the Agreement ("List of Opioid Remediation Uses") governs the use of the settlement funds.[7]

The Vermont Legislature enacted statutes that address the distribution of opioid

---

[2] ECF No. 84-1, PageID 1265.
[3] ECF No. 141-2, PageID 1781.
[4] Agreement § V.B, titled "Use of Settlement Payments," provides that "[i]t is the intent of the Parties that the payments disbursed from the Settlement Fund to Settling States and Participating Subdivisions be for Opioid Remediation…." ECF No. 141-2, PageID #1809.
[5] ECF No. 141-2, PageID 1787, 1809–14.
[6] ECF No. 141-2, PageID 1812–14.
[7] ECF No. 141-2, PageID 1880–94.

settlement monies received by the State, including monies paid by Walgreens. 18 V.S.A. §§ 4771–74. It created the Opioid Abatement Special Fund, which consists of "settlement funds that must be utilized exclusively for opioid prevention, intervention, treatment, recovery, and harm reduction services." 18 V.S.A. § 4774(a)(1). The Opioid Abatement Special Fund is administered by the Vermont Department of Health, which submits an annual spending plan, informed by the recommendations of the Advisory Committee, to the General Assembly for appropriation. Consistent with the terms of the List of Opioid Remediation Uses, 18 V.S.A. § 4774(a)(3) and (b) make clear that Opioid Abatement Special Fund disbursements shall *only* be used for specific opioid remediation purposes. The Advisory Committee is composed of 16 specifically-described members who include the State's Commissioner of Health and Chief Prevention Officer, a primary care provider experienced in treating opioid use disorder, a provider with academic research credentials who can provide a statewide perspective on opioid use disorder research, people with lived experience of opioid use disorder, a current member of each of the Vermont House of Representatives and Senate, seven individuals from different towns, and an assistant judge. 18 V.S.A. § 4772.

## ARGUMENT

To avoid duplication of arguments, this brief incorporates by reference Argument sections I and II of the brief submitted to this Court by the States of North Carolina and Tennessee.[8] Each argument here is presented briefly, focusing on the particularities of Vermont law and the Agreement as agreed to and implemented in Vermont.

---

[8] ECF No. 182, PageID 7026–32.

I. **Relator's Motion for Declaratory Judgment Is Procedurally Improper.**

As explained in greater detail in North Carolina and Tennessee's brief, Relator's motion for declaratory judgment is procedurally improper, as neither the Declaratory Judgment Act nor the Federal Rules of Civil Procedure permit a party to seek declaratory relief by motion. *See, e.g.*, *Arizona v. City of Tuscon*, 761 F.3d 1005, 1010 (9th Cir. 2014) (declaratory relief cannot be sought by motion); *Int'l Brotherhood of Teamsters v. Eastern Conference of Teamsters*, 160 F.R.D. 452, 456 (S.D.N.Y.) (same). A declaratory judgment claim was never pleaded in this case, let alone pleaded against the State of Vermont, and the only causes of action in this case related to Vermont were already dismissed with prejudice.[9] Relator cannot obtain a declaratory judgment against Vermont in this posture.

II. **This Court Lacks Jurisdiction Over the Motion or the Relief Sought Therein.**

The Court lacks diversity or federal question jurisdiction, as all federal claims have been dismissed, and the Court has no basis to exercise supplemental jurisdiction over Relator's claims against the State of Vermont. 28 U.S.C. § 1367. Relator's asserted claim to a share of Vermont's recovery is ostensibly based on a provision of the Vermont False Claims Act concerning alternate remedies, 32 V.S.A. § 634. But that provision of state law has not yet been interpreted or applied by any Vermont state court, and Relator's claim would be a novel matter of first impression under that Vermont state statute. Thus, even if the Court had some hook for exercising supplemental jurisdiction here, it should decline to do so over Relator's Vermont state law claim as that claim raises a novel or complex issue of state law. 28 U.S.C. § 1367(c)(1).

III. **The Eleventh Amendment Bars Any Claim Against Vermont.**

Relator cannot sue the State of Vermont in this federal court, as Vermont would not

---

[9] Order, ECF No. 33.

consent to such a suit and the action would accordingly be barred by the Eleventh Amendment to the U.S. Constitution. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984); *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *see also Benning v. Bd. of Regents of Regency Univs.*, 928 F.2d 775 (7th Cir. 1991); *MSA Realty Corp. v. Illinois*, 990 F.2d 288, 295 (7th Cir. 1993). The distribution of settlement funds within Vermont, described above, and the Vermont state statutes enacted in connection with the Vermont Agreement, 18 V.S.A. §§ 4771-4774, show that Relator's action, to the extent it is directed against Vermont, is seeking money damages from the State of Vermont that would deplete the Vermont treasury, would likely also require injunctive relief against Vermont to overcome existing Vermont state law governing the distribution of the settlement proceeds, and would be wholly barred by the Eleventh Amendment absent the state's express consent to the action, which has not been given.

### IV. The Alternative Remedy Provision Within the Vermont False Claims Act, 32 V.S.A. § 634, Does Not Support a Recovery Here.

Relator has not met his burden to show that he is entitled to a share of Vermont's recovery in *State of Vermont v. CVS Pharmacy, Inc., et al.*, Docket No. 24-CV-00037 (Vt. Super. Ct.), under 32 V.S.A. § 634. Relator has not shown that Vermont's settlement with Walgreens relied upon or otherwise made use of the Relator's action or information, nor has he shown that the settlement was premised upon any violation of the Vermont False Claims Act. To the extent there is some overlap in the subject matter of Relator's *qui tam* action and Vermont's settlement with Walgreens, the Court would need to determine, among other things, whether Walgreens's practices related to improperly dispensing opioids were widely and publicly known before Relator filed his action, and whether, under Vermont law, 32 V.S.A. § 636, Relator's *qui tam* claims could have proceeded. Those state-law questions are best handled by the Vermont state courts.

**CONCLUSION**

For the reasons stated here and in the other state briefs submitted in opposition to the Relator's Motion, the Court should deny Relator's Motion.

Dated: February 3, 2026                    Respectfully submitted,

                                                        STATE OF VERMONT
                                                        CHARITY CLARK, ATTORNEY GENERAL

                                         By:  /s/ Maureen McOwen

                                                        MAUREEN MCOWEN
                                                        Assistant Attorney General, *Admitted Pro Hac Vice*
                                                        JILL ABRAMS
                                                        Director, Consumer Protection and Antitrust Unit
                                                        Office of the Vermont Attorney General
                                                        109 State Street
                                                        Montpelier, VT 05609-1001