**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| *ex rel*. T.J. NOVAK, | ) | |
| | ) | |
| Plaintiffs-Relator, | ) | Case No. 18 C 5452 |
| | ) | |
| v. | ) | Judge Joan H. Lefkow |
| | ) | |
| WALGREENS BOOTS ALLIANCE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

<u>**OPPOSITION OF THE COMMONWEALTH OF MASSACHUSETTS TO PLAINTIFF-**</u>
<u>**RELATOR NOVAK'S MOTION FOR A DECLARATORY JUDGMENT**</u>

The Commonwealth of Massachusetts ("Commonwealth") submits this Opposition to the

Motion for a Declaratory Judgment ("Motion") filed by Plaintiff-Relator T.J. Novak ("Relator")

seeking a declaratory judgment from this Court that he is entitled to a share of the December

2022 multistate settlement with Walgreen Co. ("Walgreens").

As a threshold matter, Relator's Motion should be denied for the simple reason that it is

procedurally improper. Relator has not filed an action for a declaratory judgment as required by

the Declaratory Judgment Act, and Relator's request for an alternate remedy from a portion of

the Commonwealth's settlement with Walgreens is a claim for monetary damages barred by the

Eleventh Amendment. Should Relator comply with the requirements of the Declaratory

Judgment Act and file a declaratory relief action, the Commonwealth would be immune from

such suit in federal court.

Even if Relator's request for declaratory relief were appropriately raised via the Motion

and not barred by the Eleventh Amendment, all federal claims in this action have now been

dismissed, and the Court should decline to exercise supplemental jurisdiction over Relator's

request for a share of the Walgreens settlement. Relator's request implicates novel and complex questions of Massachusetts law and seeks access to funds that are controlled by a Consent Judgment entered in Massachusetts state court. The Commonwealth's own courts are best positioned to address these questions.

Finally, if the Court exercises supplemental jurisdiction, it should conclude that Relator is not entitled to any alternate remedy. Relator cannot claim a share of the settlement predicated on a facially invalid *qui tam* claim that does not meet muster under Fed. R. Civ. P. 9(b) and is barred by the public disclosure rule. Relator did not allege any instance in which Walgreens submitted a false claim for reimbursement to the Commonwealth. By the time that Relator filed his *qui tam* suit in this Court on August 10, 2018, Walgreens had already been sued for its role in the opioid crisis by multiple states and more than 300 subdivisions, and the failures of such pharmacy chains to maintain effective controls against diversion were well-documented in books, investigative reports, and national media stories. The December 2022 multistate settlement with Walgreens, which resolved consumer protection and public nuisance claims that Relator could not assert in his own *qui tam* suit, is not the type of recovery a relator may claim as an alternate remedy. The Motion should be denied.

## **BACKGROUND**

## I. **HUNDREDS OF LAWSUITS WERE FILED AGAINST WALGREENS PRIOR TO RELATOR'S *QUI TAM* SUIT.**

Prior to August 2018, Walgreens was publicly accused by the Drug Enforcement Agency, multiple states, and more than 300 local governments of the same type of dispensing practices Relator alleges. *See* State of North Carolina's and State of Tennessee's Joint Opposition to Relator Novak's Motion for a Declaratory Judgment, ECF No. 182 ("Joint Opp.") at 1–3. For example, in January 2017, the Commonwealth and Walgreens agreed to an Assurance of

Discontinuance filed in Massachusetts Superior Court to resolve allegations that Walgreens had failed to monitor the drug utilization patterns of Medicaid members and failed to exercise sound professional judgment when dispensing controlled substances to those members. Declaration of Gregory Hardy ("Decl.") ¶ 2.[1]

On August 10, 2018, Relator filed a *qui tam* suit in this Court, alleging that Walgreens had defrauded federal and state health insurance programs, including Medicaid, by improperly filling prescriptions for opioids. Relator's original Complaint, and two subsequent amended Complaints, included claims against Walgreens under the federal False Claims Act ("FCA") and various state False Claims Acts, including the MFCA. None of Relator's Complaints alleged any facts involving conduct by Walgreens in Massachusetts, let alone any facts establishing that Walgreens had submitted false claims for reimbursement to Commonwealth-funded health care programs.

## II. THE COMMONWEALTH'S SETTLEMENT WITH WALGREENS RESOLVED CONSUMER PROTECTION AND PUBLIC NUISANCE CLAIMS AND IS GOVERNED BY A CONSENT JUDGMENT DIRECTING THAT SETTLEMENT FUNDS BE USED FOR OPIOID REMEDIATION.

On December 9, 2022, Walgreens entered into a settlement agreement (the "Multistate Agreement") with Massachusetts and 45 other states, designed to remediate harm to the public caused by Walgreens' role in the nationwide opioid crisis.[2] Under the Multistate Agreement, Walgreens agreed to pay a total of approximately $5.5 billion, with approximately $119 million

---

[1] This declaration is attached, and it explains in detail the terms of the Commonwealth's settlement with Walgreens.

[2] Under the Multistate Agreement and the Massachusetts Consent Judgment which implements it, the Commonwealth and participating Massachusetts subdivisions agreed to a broad release of civil claims against Walgreens and its affiliates, which encompassed claims in *qui tam* actions. *See* Decl. ¶¶ 8–9; Joint Opp. at 5. This mirrored an earlier multistate opioid settlement with distributors that also released Medicaid fraud *qui tam* claims, even though no such claims were pending against the distributors at the time of the settlement. Joint Opp. at 5-6.

distributed to the Commonwealth and its participating political subdivisions in annual payments over 15 years. Decl. ¶¶ 3–4, 11–12, 20–21.

The Multistate Agreement was implemented in the Commonwealth through the entry of a Consent Judgment in Massachusetts Superior Court on February 27, 2024 (the "Massachusetts Consent Judgment"), which resolved claims brought by the Commonwealth against Walgreens under the Massachusetts Consumer Protection Law, Mass. Gen. Laws c. 93A, § 4, and the common law of public nuisance. *Id.* ¶¶ 5–7. The Commonwealth's lawsuit did not allege violations of the Massachusetts False Claims Act, Mass. Gen. Laws c. 12, § 5A *et seq.* ("MFCA"), or any other claims sounding in fraud. *Id.* ¶ 7. The Superior Court ordered that the Massachusetts Consent Judgment "shall not be modified (by the Court, by any other court, or by any other means) without the consent of the State and Walgreens and without the approval of the Court." *Id.* ¶ 10.

The Massachusetts Consent Judgment governs how the Walgreens settlement funds must be distributed within the Commonwealth and places restrictions on the use of such funds.[3] *Id.* ¶ 6, 13–18. The Consent Judgment provides that abatement funds "shall be allocated and utilized in accordance with the Massachusetts State-Subdivision Agreement," an agreement entered into by the Commonwealth and almost all of its subdivisions in 2022. *Id.* ¶ 14. The Massachusetts State-Subdivision Agreement (the "SSA") requires that such funds be used for opioid remediation and that they be split between the Commonwealth and its subdivisions. *Id.* ¶¶ 15–17. Neither the Massachusetts Consent Judgment nor the SSA allows for any settlement funds to be used to reimburse the Commonwealth's Medicaid program. *Id.* ¶¶ 5, 19.

---

[3] The Massachusetts Consent Judgment also requires Walgreens to implement a Controlled Substance Compliance Program and to comply with other anti-diversion injunctive terms. *Id.* ¶ 6.

## III.     RELATOR'S CLAIMS HAVE BEEN DISMISSED.

In January 2024, following the execution of the Multistate Agreement, this Court dismissed with prejudice the claims brought by Relator under each state's False Claim Act. The United States Department of Justice intervened in this action in January 2025, and settled with Walgreens for $300 million in April 2025. *See* ECF No. 72. Relator's Motion followed.

## ARGUMENT

Relator's Motion for a Declaratory Judgment fails on multiple grounds. First, declaratory judgment is improper in this lawsuit because it cannot be obtained through motion and is barred by the Eleventh Amendment. Second, the Court should decline to exercise supplemental jurisdiction over Relator's claim to a share of the Walgreens settlement funds. Third, even if the Motion were procedurally proper and the Court exercised supplemental jurisdiction, the Motion should be denied because Relator's *qui tam* complaint is facially invalid, so he is not entitled to a relator's share or to an alternate remedy.

## I.     DECLARATORY JUDGMENT IS IMPROPER IN THIS LAWSUIT.

### A.     Relator Has Not Filed a Declaratory Judgment Action.

As a threshold matter, Relator seeks declaratory relief against the states without filing "an appropriate pleading." 28 U.S.C. § 2201(a); *see* Joint Opp. at 6-8. "[A] party may not make a *motion* for declaratory relief, but rather, the party must bring an *action* for a declaratory judgment." *Kam-Ko Bio-Pharm Trading Co., Ltd. v. Mayne Pharma (USA Inc.)*, 560 F.3d 935, 943 (9th Cir. 2009); *see Russell v. PS 27 Fam. L.P.*, No. 1:23-CV-405-CCB-SLC, 2025 WL 689744, *4 (N.D. Ind. Mar. 4, 2025) ("[T]he Declaratory Judgment Act authorizes declaratory

judgment actions, not declaratory judgment motions within an active case."). Relator's Motion is inconsistent with the Declaratory Judgment Act and should be denied.[4]

### B. Sovereign Immunity Bars Relator's Request for a Declaratory Judgment in Federal Court.

Relator's Motion should also be denied because Relator's request for an alternate remedy from a portion of the Commonwealth's settlement with Walgreens is a claim for monetary damages barred by the Eleventh Amendment. *See* Joint Opp. at 11-12; *Benning v. Bd. of Regents of Regency Univs.*, 928 F.2d 775, 778 (7th Cir. 1991). Relator seeks recovery of funds from the Commonwealth's treasury, which includes Walgreens settlement funds distributed to the Commonwealth's Opioid Recovery and Remediation Fund. Thus, Relator's requested declaratory judgment "would have much the same effect as a full-fledged award of damages or restitution by the federal court, the latter kinds of relief being of course prohibited by the Eleventh Amendment." *MSA Realty Corp. v. Illinois*, 990 F.2d 288, 295 (7th Cir. 1993) (internal quotation marks omitted). The Commonwealth has not consented to suit in federal court,[5] and Relator's Motion should be denied.

## II. THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JUSRISDICTION.

Even if Relator's request for declaratory relief were appropriately raised via the Motion and not barred by the Eleventh Amendment, the Court should decline to exercise supplemental jurisdiction.[6] *See* Joint Opp. at 9-10. Where a state claim is related to claims within the Court's

---

[4] Moreover, the only causes of action before this Court related to the Commonwealth were the MFCA claims. Because these claims were dismissed with prejudice by the Court in January 2024, there is no live claim over which this Court has any jurisdiction to proceed with respect to the Commonwealth. *See* Joint Opp. at 7-8.

[5] The MFCA contains no language abrogating Eleventh Amendment immunity.

[6] As discussed in the Joint Opposition at 8-9, the Court has neither diversity nor federal question jurisdiction over claims against the Commonwealth that arise purely under state law.

original jurisdiction, the Court may decline supplemental jurisdiction over the state claim when (1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the federal claims, (3) the federal claims have been dismissed, or (4) there are other compelling reasons to decline jurisdiction. 28 U.S.C. § 1367(c); *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 31–32 (2025). Each of these factors is present here.

> **A.      Relator's Claim Raises Novel, Unsettled, and Complex Issues of Massachusetts Law That the Commonwealth's Courts Are Best Positioned to Address.**

Federal courts should not continue to exercise pendent jurisdiction over novel and unsettled questions of state law where the underlying federal claims have been resolved. *See, e.g.*, *Buethe v. Britt Airlines, Inc.*, 749 F.2d 1235, 1240 (7th Cir. 1984); *Willis v. Bell*, 669 F.Supp. 229, 232 (N.D. Ill. 1987). Indeed, retaining jurisdiction under these circumstances may even rise to an abuse of discretion. *Financial General Bankshares, Inc. v. Metzger*, 680 F.2d 768, 778 (D.C. Cir. 1982). Relator's Motion raises just such questions of Massachusetts law that have not been adjudicated by any Massachusetts state court but that go to the heart of Relator's claim, including whether his facially invalid *qui tam* law suit entitles him to claim a share of the Walgreens settlement in a completely separate proceeding that was not premised on his allegations, could not have been brought under the MFCA, and was crafted to vindicate the public interest in ways that cannot be accomplished through the MFCA. *See* 28 U.S.C. § 1367(c)(1). Faced with such questions, this court should heed the "legitimate and substantial concern with minimizing federal intrusion into areas of purely state law." *Khan v. State Oil Co.*, 93 F.3d 1358, 1366 (7th Cir. 1996). The court therefore "would be wise to decline jurisdiction," *Western World Insurance Company v. Hoey*, 773 F.3d 755, 760 (6th Cir. 2014), in favor of a Massachusetts court's "interest in applying its own law, along with the state court's greater

expertise in applying state law . . . ." *RWJ Mgmt. Co. v. BP Products North America, Inc.*, 672 F.3d 476, 479-480 (7th Cir. 2012).

### B. Relator's Request for a Share of the Commonwealth's Settlement Proceeds Under the Massachusetts False Claims Act Predominates Over Federal Claims That Have Been Dismissed.

The federal claims giving rise to original jurisdiction were dismissed with prejudice. As such, no federal claim remains to support continued supplemental jurisdiction over Relator's state law claims. Under 28 U.S.C. § 1367(c)(3), courts routinely relinquish jurisdiction over state law claims when the federal "anchor" claims are no longer viable. *See Borrás-Borrero v. Corporación del Fondo del Seguro del Estado*, 958 F.3d 26, 36–37 (1st Cir. 2020). Indeed, the Seventh Circuit has repeatedly held that the usual practice is to relinquish jurisdiction over state law claims once all federal claims are dismissed before trial. *See Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999); *Williams v. Rodriquez*, 509 F.3d 392, 404 (7th Cir. 2007); *RWJ Mgmt. Co.*, 672 F.3d 4 at 479-82; *Hentosh v. Herman M. Finch Univ.*, 167 F.3d 1170, 1173 n.1 (7th Cir. 1999). Retaining jurisdiction in these circumstances risks improper federal intrusion into state law matters. *See Ameritox, Ltd. v. Millennium Labs., Inc.*, 803 F.3d 518, 541 (11th Cir. 2015) (holding that it was an abuse of discretion to retain supplemental jurisdiction over novel and complex state claims after federal claims were dismissed); *Al's Serv. Ctr. v. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010) ("When all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims, which the plaintiff can then prosecute in state court.") (citations omitted).

C.     **The Distribution and Use of Settlement Funds Within the Commonwealth is Controlled by the Consent Judgment Filed in Superior Court.**

The Massachusetts Consent Judgment, which controls the distribution and use of Walgreens settlement funds within the Commonwealth, presents an additional "compelling reason[] for declining jurisdiction."[7] 28 U.S.C. § 1367(c)(4). Under the Massachusetts Consent Judgment and State-Subdivision Agreement, such funds may not be distributed to entities or employed for uses outside of those delineated in the Consent Judgment and SSA. Decl. ¶¶ 11, 14-18. In particular, the Commonwealth has no discretion for the funds it receives from this settlement to be used to recover payments made by the Commonwealth's Medicaid program. *Id.* ¶¶ 5, 19. The Commonwealth's settlement with Walgreens was designed to tackle the opioid public health crisis and save lives, not to reimburse the Commonwealth for any claims of fraud it may have had against Walgreens. *Id.* ¶ 19.

## III.     RELATOR IS NOT ENTITLED TO AN ALTERNATE REMEDY.

Relator faces other barriers to recovery. An alternate remedy is intended to compensate a relator who has filed a legitimate FCA claim when the government elects to recover damages for the alleged fraud through a different fraud proceeding. Relator's *qui tam* complaint fails to satisfy Fed. R. Civ. P. 9(b) and is barred by the public disclosure rule, and the Commonwealth's settlement with Walgreens is not the type of recovery that would amount to an alternate remedy to Relator's *qui tam* action. Accordingly, Relator has no right to a share of the settlement. *See United States ex rel. Hefner v. Hackensack Univ. Med. Ctr.*, 495 F.3d 103, 112 (3d Cir. 2007)

---

[7] Federal courts are required to treat state court judgments as valid and enforceable. 28 U.S.C. § 1738. In the Seventh Circuit, a state court settlement is treated the same way in federal court as it would be in state court. *See 4901 Corp. v. Town of Cicero*, 220 F.3d 522, 529 (7th Cir. 2000) (settlement adopted by state court is entitled to *res judicata* effect). Accordingly, this Court should afford full faith and credit to the Massachusetts Consent Judgment and not divert its proceeds in a way not provided by that judgment. *See* Joint Opp. at 10.

("Like our sister courts, we read the relevant statutory provisions to mean that a relator is not entitled to a share in the proceeds of an alternate remedy when the relator's *qui tam* action under [the FCA] is invalid.").

### A. Relator Has Not Stated a Viable Claim under the MFCA.

It is well-settled that "a claim under the False Claims Act involves fraud, so the complaint must surmount a heightened pleading standard under Rule 9(b)." *United States v. Heritage Operations Group, LLC*, 622 F. Supp. 3d 679, 687 (N.D. Ill. 2022); *see* Joint Opp. at 15; *see also Commonwealth ex rel. Kelly v. Novartis Pharmaceuticals Corp.*, No. SUCV201603107BLS1, 2017 WL 4124833, at *1, *3 (Mass. Super. July 20, 2017) (claims under MFCA must meet heightened pleading standard of Rule 9(b)). Thus, "a relator must allege specific facts demonstrating what occurred at the individualized transactional level." *Heritage Operations Group, LLC*, 622 F. Supp. 3d at 687 (internal quotations omitted). Here, Relator's original and amended complaints allege no facts at all regarding fraud in Massachusetts. Any claims premised on the MFCA are therefore facially invalid. *See United States ex rel. Wall v. Vista Hospice Care, Inc.*, 778 F. Supp. 2d 709, 723 (N.D. Tex. 2011) (dismissing FCA claims as to four of five named plaintiff states where relator "provides no details of the alleged fraud in those . . .states.").

### B. The Public Disclosure Bar Renders Relator's Claims Invalid.

Relator's complaint is also invalidated under the public disclosure bar. *See* Joint Opp. at 13-15. Like the federal FCA, the MFCA's public disclosure bar "seeks to prevent 'parasitic' suits, where a relator, 'instead of plowing new ground, attempts to free-ride by merely repastinating previously disclosed badges of fraud . . . .'" *Rosenberg v. JPMorgan Chase & Co.*, 169 N.E.3d 445, 455 (Mass. 2021) (citations omitted). Relator's suit is the epitome of parasitic. Not only does Relator fail to allege any specific facts relating to Massachusetts (or the vast

majority of the other 27 states he claims to stand in the shoes of), but Relator's allegations involving Walgreens' opioid dispensing practices and its contribution to the national opioid crisis were well-known to the public years before Relator filed his *qui tam* suit in August 2018. *See* Joint Opp. at 1-3.

To determine whether the public disclosure bar applies, the Seventh Circuit applies a three-part inquiry, asking (1) whether there has been a prior, public disclosure of fraud through a source specified in the statute's public disclosure provision; (2) whether the relator's *qui tam* action is "based upon" that prior disclosure; and (3) if so, whether the relator is an "original source" of the information on which the suit is based.[8] *Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907, 913 (7th Cir. 2009). The relator bears the burden of proof at all three steps. *Id.* A public disclosure occurs (1) where "the information is open or manifest to the public at large," or (2) "where the facts disclosing the fraud itself are in the government's possession." *Cause of Action v. Chicago Transit Auth.*, 815 F.3d 267, 274 (7th Cir. 2016) (internal quotations omitted).

By the time relator filed his qui tam complaint, it was widely known to the public that Walgreens had been accused by the DEA and in multiple lawsuits of the type of dispensing practices Relator alleges. Indeed, the company had already been sued by multiple states and more than 300 subdivisions before Relator filed suit in August 2018. *See* Joint Opp. at 2. Massachusetts had disclosed its own separate settlement with Walgreens well before Relator's suit. Decl. ¶ 2. All the facts the government could have used to assert a fraud claim were already in the possession of the government when Relator filed his *qui tam* action. Relator is thus barred

---

[8] Relator's August 2018 Complaint alleges that he is an original source only under the federal FCA and Illinois' Medicaid fraud statute. ECF No. 1, Complaint ¶ 11 (Aug. 10, 2018).

from recovering any portion of the Commonwealth's settlement with Walgreens as an alternate remedy.

### C. The Commonwealth's Settlement with Walgreens is Not an Alternate Remedy.

Relator cannot obtain any portion of the Walgreens settlement under an alternate remedy theory because the Commonwealth resolved claims that Relator could not assert in his own *qui tam* suit. *See* Joint Opp. at 12. In drafting the alternate remedy provision of the federal FCA, upon which the substantively identical MFCA alternate remedy provision was based, "Congress provided for the relator to share in the recovery if and when the government pursues an 'alternate remedy' specifically for a false or fraudulent taking of governmental money or property." *United States v. Novo A/S*, 5 F.4th 47, 57 (D.C. Cir. 2021). "[I]t is the nature of the legal claim—the fraudulent or false deprivation of a monetary or property interest—and not the commonality of facts that determines a relator's right to share in an alternative recovery." *Id.* If the alternate proceeding seeks "recompense for some other type of claim that the relator could not have brought, then the proceeding . . . is a different legal claim altogether, arising beyond the False Claims Act's borders," and the relator has no right to a share. *Id* at 56.

The Massachusetts Complaint alleged violations of the Massachusetts Consumer Protection Law and the common law of public nuisance. Decl. ¶ 7. These were not claims that Relator could, or did, bring. And the remedy for those alleged violations of law—injunctive relief and monetary payments obtained through the Multistate Agreement and Massachusetts Consent Judgment—were designed to abate the harms to the public, not as money damages for financial injury to the Commonwealth's Medicaid program. This is underscored by the fact that none of the monies received by the Commonwealth and its political subdivisions will receive under the Settlement will be used as restitution to Massachusetts-funded healthcare programs.

*See id.* ¶¶ 5, 19. For these reasons, the Commonwealth's settlement with Walgreens is not an alternate remedy.

## <u>CONCLUSION</u>

For the foregoing reasons, this Court should deny Relator's Motion for Declaratory Judgment.

Dated: February 3, 2026          Respectfully submitted,

**COMMONWEALTH OF MASSACHUSETTS**

By its attorney,

ANDREA JOY CAMPBELL
ATTORNEY GENERAL

*/s/ Ethan W. Marks*
Ethan W. Marks (BBO # 690746)
Greg Hardy (BBO # 705433)
Assistant Attorneys General
Health Care and Fair Competition Bureau
Office of the Attorney General
One Ashburton Place
Boston, MA 02108
(617) 727-2200
Ethan.W.Marks@mass.gov
Gregory.Hardy@mass.gov

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that on February 3, 2026, he caused a true and correct copy of **OPPOSITION OF THE COMMONWEALTH OF MASSACHUSETTS TO PLAINTIFF-RELATOR NOVAK'S MOTION FOR A DECLARATORY JUDGMENT** to be served via the Court's ECF/electronic mailing system upon all counsel of record.

*Ethan W. Marks*

Ethan W. Marks
Assistant Attorney General
Commonwealth of Massachusetts