IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* T.J. NOVAK, <br><br> Plaintiffs-Relator, <br><br> v. <br><br> WALGREENS BOOTS ALLIANCE, INC., <br><br> Defendant. | Case No. 18-cv-5452 <br><br> Judge Joan H. Lefkow |

**PLAINTIFF-RELATOR'S RESPONSE TO REQUEST FOR
JUDICIAL NOTICE IN SUPPORT OF STATE OF NORTH CAROLINA'S
AND STATE OF TENNESSEE'S JOINT OPPOSITION TO
RELATOR NOVAK'S MOTION FOR A DECLARATORY JUDGMENT**

Plaintiff-Relator T.J. Novak ("Relator"), by his undersigned counsel, hereby responds to the State of North Carolina's and State of Tennessee's Request for Judicial Notice (ECF No. 184) (the "Request for Judicial Notice"), and states as follows:

1. North Carolina's and Tennessee's Request for Judicial Notice was filed in the context of their broader opposition to Relator's Motion for Declaratory Judgment. Indeed, of the Settling States' 26 separate responses in opposition, North Carolina's and Tennessee's is just one. Relator believes it is important to briefly address that context before addressing the judicial notice issue itself.

2. It strikes Relator as extraordinary that the 25 Settling States have filed so many separate responses, making essentially the same arguments, when these same Settling States managed to coordinate with each other: (i) to reach a *single* settlement with Walgreens; and (ii) to file a *single* motion to proceed with *this case* by intervening in it and dismissing the subject claims pursuant to that joint settlement. (ECF No. 27, pp. 2-3.) They even coordinated to agree on a

briefing schedule. It is hard not to view the 26 responses as a tactic to try to make Relator's Motion appear far more complicated than it is. In any event, Relator intends to file a single reply brief addressing *all* of the Settling States' opposition briefs, and will accomplish this in 15 pages or less. The States' arguments all avoid the single, simple, dispositive issue that is common to every Settling State: the States proceeded with this action by successfully settling it and then intervening in it to have the claims dismissed pursuant to that settlement. Under every single state FCA, proceeding in this manner entitles Relator to a Relator share.

3. Relator will file his single reply brief on or before February 25, 2026, under the briefing schedule set forth in the Court's February 4, 2026 Order. (ECF No. 209.)

4. One argument attempted by certain Settling States (including California, Colorado, Delaware, Georgia, Illinois, Iowa, Louisiana, Massachusetts, Michigan, Minnesota, Montana, Nevada, New Jersey, New Mexico, North Carolina/Tennessee, Oklahoma, Rhode Island, Texas, and Virginia) is that Relator is not entitled to a Relator share because his claim is barred by the public disclosure doctrine.[1] That public disclosure argument is the purported impetus behind North Carolina's and Tennessee's Motion to Take Judicial Notice of these supposed public disclosures. But as explained in Relator's Motion for Declaratory Judgment, it is too late for the Settling States to raise a public disclosure issue. The Settling States already settled Relator's case and received (and continue to receive) value in exchange. Under binding Seventh Circuit law, that settlement precludes any public disclosure argument. *See United States ex rel. Fallon v. Accudyne Corp.*, 97 F.3d 937, 939-40 (7th Cir. 1996). Not a single Settling State addressed this point, set

---

[1] *See* ECF No. 141, pp. 7-8; ECF No. 146, p. 1; ECF No. 172, pp. 12-13; ECF No. 177, pp. 14-15; ECF No. 180, pp. 12-15; ECF No. 183, p. 2; ECF No. 185, pp. 13-15; ECF No. 206, pp. 10-12; ECF No. 189, p. 7; ECF No. 196, pp. 11-13; ECF No. 199, pp. 13-14; ECF No. 157, p. 12; ECF No. 171, p. 9; ECF No. 204, pp. 13-14; ECF No. 182, pp. 13-15; ECF No. 197, pp. 9-11; ECF No. 169, pp. 14-15; ECF No. 190, p. 7; ECF No. 207, pp. 12-14, respectively.

-3-

forth clearly in Relator's Motion. **(**Plaintiff-Relator's Motion for a Declaratory Judgment, ECF No. 84, p. 10.) It is notable that the federal government paid a relator share to Relator and never made a public disclosure argument.

5. Nevertheless, Relator has no objection to the Court taking judicial notice of the identified articles. Neither the articles nor any other purported public disclosure should have any force or effect whatsoever on Relator's Motion.

Dated: February 17, 2026            Respectfully submitted,

PLAINTIFF-RELATOR T.J. NOVAK

By:    /s/ *David J. Chizewer*
        One of His Attorneys

Michael C. Rosenblat
ROSENBLAT LAW
707 Skokie Boulevard, Suite 600
Northbrook, Illinois 60062
(847) 480-2390
mike@rosenblatlaw.com

David J. Chizewer
William C. Meyers
GOLDBERG KOHN LTD.
55 East Monroe Street, Suite 3300
Chicago, Illinois 60603
(312) 201-4000
david.chizewer@goldbergkohn.com
william.meyers@goldbergkohn.com

*Counsel for Plaintiff-Relator T.J. Novak*

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on February 17, 2026, he caused a true and correct copy of **PLAINTIFF-RELATOR'S RESPONSE TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF STATE OF NORTH CAROLINA'S AND STATE OF TENNESSEE'S JOINT OPPOSITION TO RELATOR NOVAK'S MOTION FOR A DECLARATORY JUDGMENT** to be served via the Court's ECF/electronic mailing system upon all counsel of record.

/s/ *David J. Chizewer*